## Adams v. Central of Georgia Railway Company.

*Putting Passenger Down at Wrong Destination.*

(Decided November 7, 1914.　66 South. 628.)

1. *Constitutional Law; Right to Assert; Statutes.*—As a general proposition, a disinterested party cannot attack the constitutionality of a legislative act; only those whose rights are invaded by such statute are entitled to question its validity.

2. *Judgment; Conclusiveness; Waiver.*—Where a common carrier of passengers continued to hold itself out to the public as such, between certain stations at the 2½ cent rate authorized by statute, the fact that the Federal Courts had rendered a decree holding that a 2½ cent passenger rate was confiscatory, was no defense to an action for damages for refusing to carry such a passenger between such stations except on payment of a 3 cent rate.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by F. M. Adams against the Central of Georgia Railway Company for damages for being put down at the wrong station. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The following is count 7: Plaintiff claims of defendant * * * damages for that whereas, on or about February 22, 1911, defendant was a common carrier of passengers for hire or reward * * * between Dunnavant and Sterretts, both in Shelby county, Ala., and plaintiff avers that Dunnavant was a station on defendant's said railway where defendant took on and let off passengers, but the same was not a station where

defendant sold tickets, but passengers boarding said train at said place had to pay fare on the train; and plaintiff avers that on said date he boarded one of defendant's said passenger trains at said Dunnavant for the purpose of being carried by defendant from said Dunnavent to said Sterretts as a passenger. Plaintiff avers that the legal fare for an adult passenger on said train on said date between said stations was 13 cents, and that shortly after he boarded said train when the conductor of defendant in charge of said train, acting within the line and scope of his authority as such conductor and agent of defendant, came through said train collecting the fares from passengers, plaintiff offered defendant conductor the said sum of 13 cents, and said conductor wrongfully demanded of plaintiff the sum of 15 cents, which was 2 cents more than defendant had the right to collect out of plaintiff under the law, and plaintiff refused to pay the same, and said conductor refused to carry this plaintiff as a passenger of said defendant on said train, and forced and compelled plaintiff to leave said train, and as a proximate consequence thereof it was necessary for plaintiff to walk from said place where he was put off said train to said Sterretts, a distance of about four miles. (Here follows catalogue of injuries and damages.) Hence, this suit.

Plea 3 as amended is as follows: For answer to each count of plaintiff's complaint, severally and separately, defendant says that in a certain suit instituted and pending in the District Court of the United States for the Northern Division of the Middle District of Alabama, where the Western of Alabama Railroad Company and the Central of Georgia Railway Company were complainants, and the Railroad Commission of

Alabama and others were defendants, and of which suit or proceeding the District Court had and possessed jurisdiction, it was heretofore, to wit, on May 30, 1912, ordered, adjudged, and decreed that the act approved February 14, 1907, as passed by the Legislature (here follows title of act), and so much of the Code of Alabama as re-enacts the provisions of said act, operated to deprive complainant of its property without due process of law, in violation of the fourteenth amendment of the Constitution of the United States, and are each null and void, and the said act of the Legislature above set out in connection with the several orders of the Railroad Commission of Alabama allowing railroads other than complainant to charge more than 2½ cents per mile for transportation of passengers, operates to deny to complainant the equal protection of the law, and for this reason also renders said act, in connection with said order, violative of the fourteenth amendment of the Constitution of the United States, and that said act as modified or amended or changed by the Railroad Commission of Alabama operated to deprive complainant in said suit of their property without due process of law, and was as to this defendant violative of said fourteenth amendment of the Constitution of the United States. And defendant says that in and by said decree of said District Court of the United States said act approved February 14, 1907, was annulled and rendered void, and of no effect against this defendant; and defendant says and avers that said above decree has never been reversed. Wherefore defendant says plaintiff ought not to maintain this suit.

The following are the replications: (10) That at the time of the wrongs complained of defendant was oper-

ating said railroad on a rate fixed by the statute of Alabama, which said rate was 2½ cents per mile for the transportation of each passenger, and was holding itself out to the public as a common carrier of passengers at such rate, which was known to plaintiff, and plaintiff avers that defendant's said conductor, as alleged in counts 7 and 8 of the complaint as amended, refused to accept from plaintiff said 13 cents, which was the amount to which defendant was entitled for the transportation of plaintiff for said Dunnavant to Sterretts under the said rate fixed by statute, and for which they held themselves out to the public as charging for a passenger transportation, and plaintiff suffered the wrongs and injuries complained of in said count. (12) That at the time of the wrongs complained of in the complaint, defendant was operating its said railroad, and was a common carrier of passengers for hire or reward as alleged in the complaint on a basis or rate fixed by the statutes of Alabama, and which said basis or rates was 2½ cents per mile, for transportation of each passenger, and was holding itself out to the public as a common carrier of passengers at such rate which was known to plaintiff, and plaintiff avers that defendant was not charging or undertaking to charge passengers more than 13 cents for transportation from said Dunnavant to Sterretts, and plaintiff avers that defendant's said conductor, although he well knew that defendant was not charging but 13 cents for transportation between said named stations, wrongfully refused to accept from plaintiff the said 13 cents which plaintiff tendered or offered to him, and which was the amount which defendant charged for the transportation of a passenger between said stations, and to which defendant was entitled under the said rate fixed

[Adams v. Central of Georgia Railway Company.]

by the statutes of Alabama, and for which defendant was holding itself out to the public as charging for the transportation of a passenger between said named stations; and notwithstanding the said duty that said conductor, as defendant's agent owed to plaintiff, to accept said 13 cents, and transport plaintiff on defendant's said passenger train between said named stations, the said conductor, while acting within the line and scope of his authority, wrongfully forced or compelled plaintiff to leave said passenger train and refused to allow him transportation between said station on said passenger train; and plaintiff avers that said conductor wrongfully refused to accept the sum tendered, and demanded of plaintiff the sum of 15 cents for said transportation for the purpose of grafting the difference between said 15 and 13 cents.

RIDDLE & ELLIS, and RIDDLE & BURT, for appellant.

HAYNES & WALLACE, LONDON & FITTS, and W. S. BROWER, for appellee.

DE GRAFFENRIED, J.—The reporter will set out the seventh count of the complaint and the defendant's third plea as amended. He will also set out the plaintiff's tenth and twelfth replications to the third plea as amended.

The above pleadings will, when read in connection with what follows, explain our views as to the law of this case as it is presented by this record.

1. An examination of the seventh count of the complaint will show that it does not appear from that count how far the stations of Dunnavant and Sterretts are from each other. When read in connection with the replications, we presume that the two stations are suf-

ficiently far apart to render the fare at 2½ cents per mile 13 cents, and to render the fare at 3 cents per mile, 15 cents.

It is a matter of public history that when, through legislation, passenger fares were reduced, in this state, upon railroads of the class to which this defendant belongs, from 3 cents per mile to 2½ cents per mile, the defendant, along with certain other common carriers of passengers, filed a bill or bills in the federal court and attacked the acts making the change, upon the ground that they were confiscatory in their nature and were therefore unconstitutional. A part of the history of this litigation is given in *Central of Georgia Ry. Co. v. Railroad Commission of Alabama* (C. C.) 161 Fed. 925; *Railroad Commission v. Central of Georgia Ry. Co.,* 170 Fed. 225, 95 C. C. A. 117; *Western Railway of Alabama v. Railroad Commission,* (C. C.) 171 · Fed. 964; *and Western Railway of Alabama v. Railroad Commission* (C. C.) 197 Fed. 954.

This litigation was had, and this attack upon the constitutionality of the act was made, by the defendant, for its benefit; and if the allegations set up in plea 3 are true, then, for a time at least, the defendant reaped some benefit from the litigation and the attack. It is, however, a well-recognized proposition that, as a general rule, a disinterested party cannot plead the unconstitutionality of an act of the Legislature. "Only those whose rights are invaded by such statutes are entitled to question their validity."—8 Cyc. 789; *Smith v. Inge,* 80 Ala. 283. Without regard to what rights the defendant obtained in the litigation to which reference is made in plea 3 as amended, if it saw proper to abandon those rights—if it saw proper, regardless of the decree of the federal court, to accept the 2½-

[Adams v. Central of Georgia Railway Company.]

cent rate instead of the 3-cent rate—then we do not see how it can now be heard to set up that decree as a defense to this action. If it saw proper to charge the general public 2½ cents per mile, from Dunnavant to Sterretts, in accordance with the statute of the state, instead of 3 cents per mile as it claims it had the right to do under the decree of the federal court, then it had no right, as against this plaintiff alone, to claim its rights under that decree. It was bound, in so far as the plaintiff is concerned, by the act of the Legislature under which it acted when it fixed the fare for the traveling public from Dunnavant to Sterretts.—8 Cyc. p. 792, subd. "b," and authorities there cited.

It seems clear that—regardless of the litigation which the defendant instituted for its benefit in the federal court, and regardless of the questions raised and determined in that litigation—if, in fixing its rates from Dunnavant to Sterretts, the defendants acted under the statute of Alabama, and "was holding itself out to the public as a common carrier of passengers at such rate," then that statute, in so far as this case is concerned, must be looked to as the law of this case. The replications declare that the defendant was voluntarily so acting; and, if so, then plea 3 as amended is no answer to counts 7 and 8 of the complaint.

The trial court committed reversible error in sustaining the defendant's demurrers to replications 10 and 12 to plea 3 as amended.

Reversed and remanded.

MCCLELLAN, SAYRE and GARDNER, JJ., concur.