# Smith *v.* Inge.

*Ejectment by Municipal Trustees.*

1. *Substitution of party plaintiff.*—When the plaintiff sues in an unofficial character, and his term of office expires by limitation of law before the termination of the suit, his successor may be substituted as plaintiff on motion ; but, when a plaintiff makes a voluntary assignment *pendente lite*, his assignee does not become a necessary party.

2. *Constitutionality of laws abolishing city of Mobile and creating port of Mobile ; by whom questioned.*—The constitutionality of the legislation abolishing the city of Mobile as a municipal corporation, and creating the port of Mobile its successor (Sess. Acts 1878-79, pp. 381-92; *Ib.* 1880-81, pp. 329-32), can not be assailed by a person who does not show that his rights or remedies as a creditor of the old corporation are

[Smith v. Inge.]

thereby destroyed or impaired, or that he is otherwise in a position to be injured.

3.  *Action by trustee, without sanction of court.*—Although trustees, when officers of the Chancery Court, may not have the right to institute an action at law without first obtaining the sanction of the court; yet it may be doubted whether the defendant can interpose this objection in defense of the action, and it certainly can not be raised for the first time in the appellate court.

4.  *Taking private property for public use.*—The State itself can not, in the exercise of the right of eminent domain, take private property for public uses, without a regular judgment of condemnation in a proper judicial proceeding, first making payment of just compensation to the owner; nor can a municipal corporation dedicate private property to public use, by a mere ordinance so declaring, without the owner's acquiescence or consent.

5.  *Dedication of street in city or town.*—A dedication of land for a street, in an incorporated city or town, must precede an acceptance by the corporate authorities; and a dedication will not be presumed from mere user for any period short of twenty years, when unaccompanied by any act on the part of the owner clearly showing his acquiescence; nor even after the expiration of twenty years when it is shown that the owner, during that period, contested or constantly interrupted the user.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This was an action of ejectment brought originally by Lorenzo M. Wilson, as trustee of certain bondholders, and John R. Simpson, as superintendent of wharves, against Hannibal Smith, Price Williams, Sr., and others, to recover possession of certain wharf property in the city of Mobile, fully described in the complaint. Pending the suit the term of office of John R. Simpson, as superintendent of wharves, expired; and, on motion, George B. Clitherall, his successor in office, was made a party plaintiff, against the objection of the defendants. M. P. Inge was also made a party plaintiff in place of Lorenzo M. Wilson, trustee, &c., who resigned.

On the trial of the cause, the plaintiff read in evidence the grants and deeds relied on in support of his title, and introduced as a witness Moses Waring, who testified that he had acted as the agent of the wharf owners in the sale of their wharves to the city of Mobile in 1870; that the premises sued for was land made by the owners of the adjoining lots and had never been condemned by the city authorities, nor had there been any dedication of it by the owners to public use, but that its use by the public, when used, was by permission of the adjoining property owners, who had in various instances obstructed its use by fences and by building brick attachments to their main buildings, which extended upon the premises, a part of which is here sued for. The plaintiff introduced as a witness L. M. Wilson, who testified that a part of the premises sued for was delivered to the commissioners of Mobile by the former authorities of said city, as provided for in the act for

[Smith v. Inge.]

the settlement of the debts of said city, approved February 11, 1879, and that witness, as trustee, &c., had rented out a portion thereof to a tenant for a wood-yard.

The defendants offered to introduce in evidence a number of ordinances of the city of Mobile relating to maps, surveys, &c., all of which were prior in date to the act of February 11, 1879, vacating the charter of the city of Mobile, and creating the port of Mobile, to show that the premises sued for had been dedicated to public use. To the admission of this evidence the plaintiff objected, and the court sustained the objection; to which action of the court the defendants excepted.

Upon the evidence offered the plaintiff asked the written charge, that "if the jury believe the evidence they must find for the plaintiff;" which charge was given by the court, and the defendants excepted.

The appeal is taken by the defendants, who assign as error— 1. The admission of George B. Clitherall as party plaintiff. 2. The refusal of the court to allow defendants to offer in evidence the city ordinances, the official maps, &c., offered by the defendants on the trial. 3. The affirmative charge given.

JOHN R. TOMPKINS, and PILLANS, TORREY & HANAU, for appellant.

J. L. & G. L. SMITH, *contra*.

SOMERVILLE, J.—It is not contended that John R. Simpson, who was shown to sue in his official capacity as superintendent of wharves, was an improper plaintiff in the action, as originally instituted. The objection taken is to the ruling of the court by which his successor in office, George B. Clitherall, was allowed to be substituted as one of the plaintiffs of record, upon suggestion and proof that Simpson's official term had expired. This amendment, in our opinion, was entirely free from objection. Where the subject-matter of suit is assigned by operation of law, during the pendency of an action, the assignee of the title is always a necessary party, and may be substituted as a party on motion properly brought to the attention of the court. Common examples of this sort are found in cases of death, marriage, bankruptcy, and the like. The rule is the same, where the plaintiff sues in his official character, and his term expires by limitation of law. In such case, it is the officer that sues, and not the mere man who fills the office. Assignments of this kind, being made by law, are involuntary, and are distinguishable from those made by the voluntary act of the parties *pendente lite*. The latter do not become necessary parties, while the former do.—Barbour on Parties, 361;

*Morton v. New Orleans & Selma R. R. Co.*, at the present term.

It is contended, however, that the acts of February 11, 1879, and of December 8, 1880,—including the whole system of legislation abolishing the charter and dissolving the municipal corporation of Mobile—are enactments which are void for repugnancy to the Constitution, because they impair the obligations of existing contracts, by destroying all remedies of creditors of the city for the enforcement of their demands. It is manifest that this objection can be raised only by some actual creditor whose rights are claimed to be invaded. The defendants in this case are not shown to be creditors, and as to them the enactments in question are entirely free from constitutional objections.—1 Dillon Munic. Corp. (3d Ed.) §§ 63–64; *Merriwether v. Garrett*, 102 U. S. 472, 511; Acts 1880–81, p. 329; Acts 1878–79, p. 381. Courts do not lend ear to objections urged against the constitutionality of statutes by parties whose rights are not affected, and who, therefore, possess no interest in having the court to pronounce upon the question.—Cooley's Const. Lim. (5th Ed.) 197 (*164).

Admitting the soundness of the suggestion, that the plaintiffs, being officers of the Chancery Court, had no authority to commence the action without previously obtaining the sanction of that court, it may be doubted whether the want of such sanction be an objection which the defendant could set up as a defense to the maintenance of the action.—1 Dan. Chan. Prac. (5th Ed.) *311, and *note* 5. However this may be, it is quite clear that the objection is one which can not be raised for the first time in this court.

We perceive no error in the rulings of the court refusing to admit in evidence the ordinances of the mayor and aldermen of Mobile, and of the maps of the city prepared under their authority. These were acts of the old municipality transpiring before its charter was vacated and its corporate existence dissolved, and before the creation of the existing corporation now known as the "port of Mobile," all of which legislation of the General Assembly was accomplished on February 11, 1879. Acts 1878–79, pp. 381, 392. These municipal ordinances relate to Front street in said city, and declare what shall be its dimensions and locality; and one or more of them authorize certain maps to be prepared by the city engineer, which are offered in evidence to show that the premises in controversy were a part of Front street as thus purporting to be dedicated to public use. If the city had at the time owned these premises, there might possibly be no tenable objection to this evidence. But such was not the case. The property was then owned by private persons, and the city had no lawful right to

dedicate the property of a private citizen to public use, by a mere ordinance so declaring, without the owner's acquiescence or consent. The State itself, which is greater than its creature, in the exercise of its right of eminent domain, could not constitutionally condemn private property to such uses, without a regular judgment of condemnation, in a proper judicial proceeding, first making payment of just compensation to the owner. Such is now, and has always been the express or implied requirement of our Constitution.—*New Orleans & Selma R. R. Co. v. Jones*, 68 Ala. 48. The binding force of this principle is recognized in the various charters of the city, from its first incorporation down to the day of the repeal of its charter in 1879; and there is no evidence in the record purporting to show that there was ever any attempt to condemn this property.

It is very clear that there was never any such conduct on the part of the owner, or uninterrupted user by the public, as to authorize the presumption of a dedication. In *Steele v. Sullivan*, 70 Ala. 589, we held that the dedication of a street, in an incorporated city or town, would not be presumed from mere user, unaccompanied by some clear and unequivocal act showing the owner's intention, for any period short of twenty years; and even this presumption may be rebutted, by showing that the right of user was always contested, or constantly interrupted by the owner. This principle is obviously fatal to any claim based on the presumption of any alleged dedication.—*Hoole v. Attorney-General*, 22 Ala. 190; *N. O. & S. Railroad Co. v. Jones*, 68 Ala. 48. A dedication must be first made by the owner, before any acceptance of it can follow on the part of corporate officers of a city. An acceptance without an offer, either express or implied, is nugatory.

The other assignments of error are not, in our opinion, well taken, and the judgment of the Circuit Court is affirmed.