[Birmingham Traction Co. v. Birmingham Railway & Electric Co.]

# Birmingham Traction Co. v. Birming-ham Railway and Electric Co.

### *Bill in Equity for Injunction.*

| | |
|---|---|
| 119 | 129 |
| 119 | 140 |
| 119 | 129 |
| 123 | 160 |
| 119 | 129 |
| s119 | 137 |
| 126 | 316 |
| 119 | 129 |
| 134 | 229 |
| 119 | 129 |
| 137 | 559 |

1. *Railroad right of way; private property for which compensation must be made, &c.*—A railroad corporation, in possession of and owning a right of way, has such property rights and interests that the crossing of it by another railroad corporation is the taking of property within the meaning of the constitution and laws which require just compensation to be paid "before such taking" to the owner. The payment of the money before the taking is a condition precedent.

2. *Equity will enjoin taking without compensation.*—Whenever any person, corporation, or authority, vested with the power of eminent domain, undertakes to exercise such power, by appropriating private property to its own use or benefit, without first complying with the Constitution, a court of equity has jurisdiction to enjoin such undertaking, until compensation has been first paid to the owner, his title or interest being admitted or clear, and that without regard to any question of irreparable injury.

3. *Injunctive power, when title denied.*—A court of equity does not seek occasion to exercise its injunctive power, and when the title to land proposed to be taken is not clear, the court exercising its judicial discretion, will regard the consequences of its action and award or withhold an injunction according to circumstances. But where the ownership is admitted or clearly established, complainant is entitled to the intervention of a court of equity until the constitutional condition, which requires compensation to be first paid, has been complied with.

4. *Motion to dissolve on denials in answer.*—Where the bill by specific averments shows that complainant is the owner and in possession of a right of way, a mere denial of title as a conclusion, without stating the facts, is wholly insufficient on a motion to dissolve an injunction to restrain another railroad company from crossing the right of way until just compensation is paid.

5. *Refusal to agree on amount of compensation gives no right to proceed.*—The refusal of a railroad company to consent to any proposition or agree on any amount as a just compensation for crossing its right of way by another railroad company, does not authorize the latter to proceed across the right of way without condemnation proceedings and payment of compensation.

9

[Birmingham Traction Co. v. Birmingham R'y & Electric Co.]

APPEAL from Jefferson Chancery Court.

Tried before Hon. THOMAS COBBS.

The amended bill, after averring its corporate existence and authority to own and operate a street railroad, and the ownership and possession of the right of way as set out in the opinion, further averred, that the respondent, a corporation, was building a railroad through the town of Woodlawn, and had constructed its road to within one quarter of a mile of the point where it had notified complainant it proposed to cross complainant's right of way, and that respondent had made no offer to compensate the complainant for the crossing nor resorted to any proceedings in condemnation for the establishment of said crossing. The other averments of the bill relating to inconvenience and injury to the complainant and the public, the right of respondent to construct its railroad, etc., are omitted as unnecessary to a proper presentation of the questions decided in the opinion. It was admitted in the answer that no offer of compensation to complainant was made, nor condemnation proceedings instituted for the reason, substantially, that the president of the defendant went to the office of the complainant and had a personal interview with the managing officer of the complainant, for the purpose of securing the crossing, and in this interview the vice-president of the complainant informed the president of the defendant, that if he, defendant's president, would consent, as attorney for the Highland Avenue and Belt Railroad Company, for the use of certain tracks of that company, that he thought the crossing at Woodlawn might be arranged. That thereupon the president of the defendant wrote the vice-president of complainant, requesting to know on what terms the crossing could be secured. Correspondence then ensued, the substance of which is that the vice-president of complainant said that he was unable to get a meeting of his board of directors, and up to the time of the suing out of the injunction the original request of the defendant's president had never been answered directly. That within a short time before the injunction was issued, the vice-president of complainant personally renewed the proposition to the defendant's president to permit the crossing at Woodlawn, provided the said president as attorney for the Highland Avenue & Belt Railroad,

would consent to the use by the complainant of certain tracks of that company, which was, by the said president, refused. The answer further alleged by appropriate averments that the proposed crossing was in the public streets of the town of Woodlawn, that complainant had the permission of the corporate authorities to construct its road as proposed, and, "that the complainant is now and respondent will be, when it shall begin to operate its said railroad through the streets of said town, subject to regulation of the municipal authorities of the said town, and respondent is informed and believes, and upon such information and belief, avers that the complainant never acquired any title by deed or by condemnation to, and has not now, nor has it ever had, any other title to the land where the East Lake Railroad is constructed at the point of the proposed crossing, except such as may have been acquired by the East Lake Railroad as a right of way." Other facts are shown by the opinion.

ALEX T. LONDON, and JOHN LONDON, for appellant, cited, *E. & W. R. R. v. E. T., V. & G. R. R.,* 75 Ala. 275; *H. A. & B. R. R. v. Birmingham Union Railway,* 93 Ala. 505; *Bir. & Pratt M. St. R. R. Co. v. Birmingham Street Railroad,* 79 Ala. 465; *Banlo v. New Orleans R. R.,* 55 Ala. 480; *Mobile & Girard R. R. Co. v. Alabama Midland Co.,* 87 Ala. 520; *H. A. & B. R. R. v. B. Ry. & E. Co.,* 113 Ala. 239; *N. Y. & C. R. R. v. Brislow,* 151 U. S. 556; *Wab. R. R. v. Defiance,* 167 U. S. 88; *Western R. R. v. A. G. T. R. R.,* 96 Ala. 272; *M. & C. R. R. v. B. S. & T. R. R.,* 96 Ala. 571; *Whitley v. Dunham Co.,* 89 Ala. 493, 497.

WALKER, PORTER & WALKER, *contra,* cited, *Columbus & Western Railway Co. v. Witherow,* 82 Ala. 190; *H. A. & B. R. R. et al v. B. Ry. & Co.,* 113 Ala. 239.

COLEMAN, J.—The appellee filed this bill for the purpose of enjoining the appellant from constructing a track for railroad or street car purposes across the line or railroad track of complainant in the town of Woodlawn. A temporary injunction issued in accordance with the prayer of the bill. The cause was set down for

hearing upon a motion to dismiss the bill for want of
equity, upon demurrer to the bill, and motion to dis-
solve the injunction upon the sworn answer and *ex parte*
affidavits. The motion to dismiss the bill was over-
ruled; the demurrer seems to have been sustained, with
leave to amend; and upon the motion to dissolve the in-
junction, the court "ordered and decreed that the mo-
tion to dissolve the injunction be and the same is sus-
tained on condition that the defendant shall first de-
posit with the register of this court a sum of money,
which shall be sufficient to secure a full indemnity for
the probable damage that may ensue to complainant's
right of way, by reason of the intended construction of
said railway of defendant over the railroad and right of
way of the complainant as described in the bill, etc."
The court ordered the register to hold a reference at
once and report the amount sufficient to cover the dam-
age or compensation which should be paid in. The re-
spondent appealed from the decree of the court. The
only errors assigned relate to the ruling of the court
upon the motion to dissolve the injunction. The decree
of the chancery court upon the motion to dissolve the
injunction, simply determined the legal proposition,
that a railroad corporation, in possession of and owning
a right of way has such property rights and interests,
that the crossing of it by another railroad corporation
is the taking of property within the meaning of the con-
stitution and laws which require just compensation to
be paid "before such taking" to the owner. We can not
doubt the correctness of the proposition. The consti-
tution in so many words expressly declares, "which com-
pensation shall be paid before such taking."—Art. XIV,
§7, p. 101 Code. Section 1721 of the Code of 1896 provides
"that upon the payment of the sum ascertained  *  *  or
the deposit thereof in court for defendant, shall vest in
the applicant the easement proposed, etc." The pay-
ment of the money before the taking is a condition pre-
cedent. See cases cited under section 1721 *supra.*
That the crossing of one railroad by another is a taking
of private property, see cases cited under paragraph 7,.
Art. XIV *supra.*

Whenever any person, corporation or authority,
vested with the power of eminent domain, undertakes
to exercise such power, by appropriating private prop-

erty to its own use or benefit, without first complying with the constitution, a court of equity has jurisdiction to enjoin such undertaking, until compensation has been first paid to the owner, his title or interest being admitted or clear, and that without regard to the solvency or insolvency of the party or corporation proposing to exercise such authority. The constitutional provision is plain, and it is manifest that a court of law is incompetent to afford the protection of the owner, guaranteed by the constitution, that his property shall not be taken until compensation be first paid. A court of equity proceeds upon different principles in such cases than those which arise, when its jurisdiction is invoked to prevent waste, trespass or nuisances by persons, parties or corporations not invested with the power to appropriate to their own use the property of others. We deem it proper to repeat here what was said on this question in the case of *East & West R. R. Co. v. East Tenn., Va. & Ga. R. R. Co.*, 75 Ala. 280, by Brickell, C. J.: "The principle upon which a court of equity proceeds, in interfering to prevent bodies corporate having compulsory power to enter upon, take and appropriate for their own uses, the lands of others, differs materially from the principle upon which it intervenes to prevent the commission or continuance of waste, or of nuisances, or of trespasses, when only private rights, or the acts of persons, natural or artificial, not having such powers, are involved. In the latter class of cases, if the right be strictly legal, and there is no relation of privity between the parties, it is of the essence of the jurisdiction of the court, that a case of irreparable injury be shown; a case for which the courts of law do not furnish an adequate remedy. The constitution not only compels all corporate bodies, public or private, or all individuals who may be armed with the power of taking private property, but it compels the State and all its agencies and instrumentalities, to the duty of first making just compensation to the owner. The duty is clearly expressed in the 24th section of the "Declaration of Rights," directed to any and every taking of private property, without regard to the agency or instrumentality through which it may be taken, in these words: "But private property shall not be taken or applied for public use, unless just compensation be first made therefor." The prop-

erty and franchises of corporations, it is declared, are as subject to the right of eminent domain as is the property of natural persons, but here, as in all other cases, it is declared, just compensation must attend or precede the taking and appropriation. And, again, it is declared by the seventh section of the 14th article: "Municipal and other corporations and individuals, invested with the privilege of taking private property for public use, shall make just compensation for the property taken, injured or destroyed, by the construction or enlargement of its works, highways or improvements, which compensation shall be paid before such taking, injury or destruction." It is most essential to the preservation of the rights of private property, to the protection of the citizen, and to the preservation of the best interests of the community, that all who are invested with the right of eminent domain, with the extraordinary power of depriving persons, natural or artificial, without their consent, of their property, and its possession and enjoyment, should be kept in the strict line of the authority with which they are clothed, and compelled to implicit obedience to the mandates of the constitution. A court of equity will intervene to keep them within the line of authority, and to compel obedience to the constitution, because of the necessity, rather than upon the theory that they are trespassers; or that the injury which they are inflicting is irreparable. The owner of the land has the right to say that, unless they keep within the strict limits prescribed by the law, they shall not disturb him in the possession and enjoyment of his property. The power is so capable of abuse, and those who are invested with it are often so prone to its arbitrary and oppressive exercise, that a court of equity, without inquiring whether there is irreparable injury, or injury not susceptible of adequate redress by legal remedies, will intervene for the protection of the owner. And it will intervene though, as in the present case, the contest may be between two incorporated companies.—Kerr on Injunctions, §§622 *et seq.; M. W. R. R. Co. v. Owings,* 15 Md. 199; *Bonaparte v. C. & A. R. R. Co.,* 1 Baldwin 205; *Commonwealth v. P. & C. R. R. Co.,* 24 Penn. St. 159.

"It is not of importance, therefore, to subject to analysis the allegations of the bill, and determine whether

irreparable injury, in the sense of that term in a court
of equity, is shown by them. If, in this respect, they
are too general, the defect would be curable by amend-
ment, and, however avaliable on demurrer, will not sup-
port a motion for the dissolution of the injunction. We
do not intend, however, resting our decision upon this
point. It is affirmatively and distinctly averred that
lands of which the complainant was possessed, have
been wrongfully taken possession of by the defendants,
are being appropriated to the uses of the defendant cor-
poration, which has not proceeded to their condemna-
tion in the mode prescribed by law, and has not, in obe-
dience to the constitution, made therefor just compen-
sation. These facts, of themselves, without regard to
any question of irreparable injury, give the court juris-
diction to prevent the further invasion of the property.
The necessity for keeping the defendant corporation
within the limits of its authority and for compelling
obedience to the constitution, is apparent; and it is this
necessity which is the foundation of the jurisdiction of
the court."

In *Highland Ave. & Belt R. R. Co. v. Matthews*, 99
Ala. 24, WALKER, J., for the court used this language:
"The jurisdiction of a court of equity to prevent the
commission of such a wrong is not based upon the ab-
sence or inadequacy of legal remedies for the recovery
of damages for the wrong when it has been consum-
mated. The recognized equitable remedies may find
support upon either of two grounds: 1st, upon the
special jurisdiction of courts of equity to confine cor-
porations to the exercise of the powers conferred upon
them by law; and, 2d, upon the inadequacy of legal
remedies to protect the constitutional right in its en-
tirety, courts of law being unable to compel the pay-
ment of compensation to the property-owner *before* his
property is taken, injured or destroyed." A court of
equity does not seek occasion to exercise its injunctive
power, and when the title to land proposed to be taken
is not clear, a court of equity, exercising its judicial dis-
cretion, will regard the consequences of its action, and
award or withhold an injunction according to circum-
stances. But where the ownership is admitted or
clearly established, the law being plain, that compensa-
tion must be paid before the lands are taken, the owner

is entitled to the intervention of a court of equity.

We are aware that in the case of *Western Railway of Alabama v. Ala. Gr. Trunk R. R. Co.,* 96 Ala. 272, 283, distinction was not clearly observed between cases where the right and title of complainant was admitted or clearly established, and where it was in doubt, and the rule "that a court of equity in the use of a sound discretion will balance the relative inconvenience and injury which is likely to result from granting or withholding the writ and will be largely governed by such circumstances," was held applicable alike to either case. We modify what was said in this respect, and adhere to the rule declared in 75 Ala. 280, *supra,* that where the title of complainant is admitted or clear, he is entitled to the intervention of a court of equity until the constitutional condition which requires compensation to be first paid has been complied with, and a mere denial of title as a conclusion, without a statement of facts, is wholly insufficient.

The first paragraph of complainant's bill avers that "said East Lake R. R. runs through the said town of Woodlawn, along, over and upon a right of way which complainant acquired long before the said town of Woodlawn was incorporated, that its East Lake R. R. is in the center of its right of way, and that complainant has been owning and operating its said East Lake R. R. over said right of way for more than seven years." We find no denial of this specific averment in respondent's answer, or elsewhere. It is not pretended that complainant has been compensated. Its refusal to consent to any proposition or agree to any amount, did not authorize respondent to proceed across its right of way without condemnation proceedings and payment of compensation. Under the principles of law declared as applicable to the case, so far as raised by the assignment of errors, there is no error in the decree of the chancery court.—*Railway Co. v. Witherow,* 82 Ala. 197.

Affirmed.