141 So.2d 193

Sam ENGELHARDT, as State Highway Director,

v.

Hillard D. JENKINS et al.

7 Div. 552.

Supreme Court of Alabama.

March 29, 1962.

Rehearing Denied May 10, 1962.

MacDonald Gallion, Atty. Gen., Julius T. Cage, Jr., and Samuel L. Stockman, Asst. Attys. Gen., and H. C. Orme, Jr., Gadsden, for appellant.

Embry & Whitten, Pell City, for appellees.

SIMPSON, Justice.

This appeal challenges the correctness of a decree of the Circuit Court in Equity of St. Clair County, overruling appellant's demurrer to appellees' amended bill of complaint.

The single question presented is whether this is a suit against the State in violation

of § 14, Constitution of 1901. Appellant confines his argument to this one point.

The bill as amended alleges that the appellees are joint owners of certain lands in St. Clair County, that a proceeding of condemnation was undertaken in said county to condemn said lands for right of way purposes; that appellees received no notice of said condemnation proceeding but that the said proceeding terminated in a decree or order of condemnation in the probate court and that the appellant took possession of said property, resulting in the appellees' property being taken without just compensation and without due process of law.

■ In essence the case made by the bill as amended shows that the property of appellees was being taken by appellant without proper condemnation proceeding and without paying them just compensation therefor, as the constitution and statute require. If this be so, this is taking private property by the State without due process in violation of both State and Federal constitutions.—§§ 23 and 235, Alabama Constitution 1901; United States Constitution, 14th Amendment, § 1.

■ That courts of equity have jurisdiction to enjoin such conduct there can be no doubt. This court, speaking through the elder Justice Coleman observed in Birmingham Traction Co. v. Birmingham Railway Electric Co., 119 Ala. 129, 132–133, 24 So. 368, 371, 43 L.R.A. 233:

"Whenever any person, corporation, or *authority,* vested with the power of eminent domain, undertakes to exercise such power, by appropriating private property to its own use or benefit, without first complying with the constitution, a court of equity has jurisdiction to enjoin such undertaking, until compensation has been first paid to the owner, his title or interest being admitted or clear, and that without regard to the solvency or insolvency of the party or corporation proposing to exercise such authority." [Emphasis added.]

An apt quotation in that case from East and West R. R. Co. v. East Tennessee, Va. & Ga. R. R. Co., 75 Ala. 275, 280, by Chief Justice Brickell, also states the principle:

"The constitution not only compels all corporate bodies, public or private, or all individuals who may be armed with the power of taking private property, but it compels the State and all its agencies and instrumentalities, to the duty of first making just compensation to the owner."

See also Mobile and Montgomery Ry. Co. v. Alabama Midland Ry. Co., 123 Ala. 145, 160, 26 So. 324; Memphis & Charleston R. R. Co. v. Birmingham, Sheffield, & Tenn. River Ry. Co., 96 Ala. 571, 576, 11 So. 642, 18 L.R.A. 166.

■ And in an equitable proceeding to enforce this constitutional right the damages or amount of compensation due the property owner may be ascertained and awarded. Benson v. Pickens County, 253 Ala. 134, 43 So.2d 113; Folmar v. Brantley, 238 Ala. 681, 193 So. 122; Hargett v. Franklin County, 212 Ala. 423, 103 So. 40.

■■ This being the posture of the case and governed by the foregoing authorities, no sort of rationale can bring the case within the ban of § 14 of our constitution, prohibiting suits against the State or its agencies. Clearly, if the allegations of the bill as amended be true, and they are so taken on demurrer, appellant was acting beyond his authority in taking or attempting to use appellees' property for State purposes without proper legal proceeding and making just compensation therefor. As this court observed in Smith v. Inge, 80 Ala. 283, 287:

"The State itself, * * * , in the exercise of its right of eminent domain, could not constitutionally condemn private property * * * without a regular judgment of condemnation, in a proper judicial proceeding,

first making payment of just compensation to the owner."

This case seems to fall more within the influence of the case of Finnell v. Pitts, 222 Ala. 290, 132 So. 2, where the late Justice Foster in commenting on the Finnell case, stated in the later case of State Docks. Commission v. Barnes, 225 Ala. 403, 405, 143 So. 581, 582:

"There [Finnell's case], state officers had exceeded their legal authority and had taken property without due process, and applied it to state uses. The state was of course not liable nor suable, though the officers were the state highway commissioners acting for it in constructing a state road."

It results as our conclusion that the point argued by appellant is without merit.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

On Rehearing.

SIMPSON, Justice.

■ Counsel for appellant seem to apprehend that we have departed from the rule that a suit against a state agent in his representative capacity, such as State Highway Director, is a suit against the state which is forbidden by the Constitution. Attention is directed to the fact that, by amendment on the part of complainants, appellees, and allowance by the trial court, the suit was "against him (appellant) in his representative capacity as Highway Director." Cases which it is argued, we have ignored, are the following: Barlowe v. Employers Insurance Co., 237 Ala. 665, 188 So. 896; State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; Dunn Construction Co. v. State Board of Adjustment, 234 Ala. 372, 175 So. 383; State Tax Commission v. Commercial Realty Co., 236 Ala. 358, 182 So. 31, among others. None of these cases is analogous to the case at bar, and nothing held by us in this case in anywise militates against the pronouncements in those cases. Mere designation of appellant "as highway director" does not make the suit one against the state or the State Highway Commission which is the agency through which the state acts. The bill alleges an unauthorized procedure on the part of appellant—the taking of private property in violation of the owners' Constitutional right of compensation. Though the alleged taking was for the benefit of the state, such action, as alleged, was without authority of law. Even the state could not authorize an unlawful taking.

■ The fact that the relief sought is by way of injunction rather than by mandamus or some other remedy is immaterial. Any form of action amounting to one against the state is forbidden, injunction no more nor less than any other. If the performance of official duty may be compelled by mandamus,—as we have held in a wide range of cases,—we can conceive of no reason why the performance of an unauthorized or unlawful act by an official might not be enjoined.

As pointed out originally, we here deal with the allegations of a bill in equity which, on demurrer, we take as true. With the terms of a final decree, after due submission on pleading and proof, we are not here concerned. We are not persuaded that our original opinion is subject to the objections raised. We adhere thereto.

Opinion extended and application for rehearing overruled.

GOODWYN, MERRILL and COLEMAN, JJ., concur.