PARKER, Justice.
 

 J. Christopher Murphy, as then director of the Alabama Department of Public Safety (“Murphy”),
 
 [1]
 
 petitioned this Court for a writ of mandamus directing the Montgomery Circuit Court to vacate its judgment denying Murphy’s motion to dismiss certain claims in the action against him based upon the defense of sovereign immunity under Art. I, § 14, Ala. Const. 1901, also known as State immunity, and to enter an order dismissing certain claims against him in this matter. We grant the petition and issue the writ.
 

 Facts and Procedural History
 

 On July 21, 2008, Christopher Battle, individually and as a representative of a class of individuals, sued the Alabama Department of Public Safety (“the Department”) and Mike Coppage, the then director of the Department, requesting declaratory relief and injunctive relief and alleging claims of unjust enrichment and unlawful taking and seeking money damages. Battle purported to bring the action on behalf of himself and all members of a class composed of people who had allegedly been overcharged by the Department for renewed drivers’ licenses.
 

 On February 13, 2009, an amended complaint was filed by Battle and Greg Ogles, individually and as representatives of two separate classes of individuals (hereinafter collectively referred to as “the respondents”), dismissing the Department as a defendant and substituting J. Christopher Murphy for Coppage as director of the Department. The amended complaint alleged that Battle had renewed his driver’s license with the Department in February 2005 and that he had been charged $23.25 for doing so. The amended complaint alleged that the $23.25 charge by the Department was charged in violation of §§ 32-6-4 and 32-6-6, Ala.Code 1975. Section 32-6-4(b) provides, in pertinent part:
 

 “(b) For the purpose of defraying the cost of issuing drivers’ licenses or non-driver identification cards with color photographs of the licensee or nondriver thereon, except as provided in Section 32-6-4.1, the Department of Public Safety, Driver License Division, judge of
 
 *1204
 
 probate, or license commissioner shall collect for each license or identification card the sum of twenty dollars ($20) for a four-year license or an identification card, and the Department of Public Safety, Driver License Division, judge of probate, or license commissioner shall give the licensee a driver’s license or identification card.”
 

 Section 32-6-6 provides, in pertinent part:
 

 “In addition to all current and existing fees, the department may charge an additional fee to recover the cost of producing and issuing photo drivers’ licenses and photo nondriver identification cards. The fee may not exceed ten cents ($.10) over the actual cost of producing and issuing the license or card including the cost of materials, labor costs, telecommunications costs, computer costs, postage, and any other costs incurred in producing and issuing a license or card.”
 

 The amended complaint also alleged that Ogles had, in late June or early July 2004, been charged $18.00 by the Department for obtaining a duplicate driver’s license from the Department and that said charge was in violation of §§ 32-6-6 and 32-6-15, Ala.Code 1975. The amended complaint purported to assert claims on behalf of a class composed of people who had been overcharged by the Department for duplicate drivers’ licenses. Section 32-6-15(a) provides, in pertinent part:
 

 “(a) In the event any driver’s license issued under the provisions of this article is lost or destroyed, the person to whom the same was issued may upon payment of a fee of fifteen dollars ($15) and upon furnishing proof to the Director of Public Safety that the same has been lost or destroyed, secure a duplicate. The second and subsequent duplicates applied for will require the payment of a fee of fifteen dollars ($15) and, upon furnishing proof to the Director of Public Safety that his previously held license or duplicate has been lost or destroyed, secure another duplicate. Application for such duplicate will be made to the Director of Public Safety on forms provided by him. The fee shall be collected by the director, paid into the State Treasury and credited to the Highway Traffic Safety Fund for the Department of Public Safety.”
 

 The amended complaint alleged that Murphy, as the then director of the Department, had the authority to establish the charges explained above and that the charges he established were beyond those statutorily permissible as the result of either a mistaken interpretation of the law or a willful misapplication of the law. The amended complaint requested declaratory relief, injunctive relief, and money damages under claims of unjust enrichment and unlawful taking for the alleged overages paid to the Department.
 

 On August 22, 2008, Murphy filed a motion to dismiss the respondents’ action under Rule 12(b)(1), Ala. R. Civ. P., asserting lack of subject-matter jurisdiction based on the doctrine of sovereign immunity, and under Rule 12(b)(6), asserting that the respondents had failed to state a claim upon which relief can be granted. On May 15, 2009, Murphy filed a motion for a summary judgment. On February 5, 2010, the circuit court denied the motion to dismiss and the summary-judgment motion. On February 26, 2010, Murphy filed this petition for a writ of mandamus with this Court.
 

 Standard of Review
 

 “ ‘Mandamus review is available when the question presented is one of subject-matter jurisdiction.
 

 “ ‘ “ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal
 
 *1205
 
 right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
 
 Ex parte Integon Corp.,
 
 672 So.2d 497, 499 (Ala.1995).
 
 The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co.,
 
 775 So.2d 805 (Ala.2000).”
 

 “
 
 ‘Ex parte Liberty Nat’l Life Ins. Co.,
 
 888 So.2d 478, 480 (Ala.2003) (emphasis added). “When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.”
 
 State v. Property at 2018 Rainbow Drive,
 
 740 So.2d 1025, 1028 (Ala.1999). Under such a circumstance, the trial court has “no alternative but to dismiss the action.” 740 So.2d at 1029.’
 

 “Ex parte Chemical Waste Mgmt., Inc.,
 
 929 So.2d 1007, 1010 (Ala.2005).”
 

 Ex parte Richardson,
 
 957 So.2d 1119, 1124 (Ala.2006). We note that “ ‘[t]he denial of a motion to dismiss or a motion for a summary judgment generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity.’”
 
 Drummond Co. v. Alabama Dep’t of Transp.,
 
 937 So.2d 56, 57 (Ala.2006) (quoting
 
 Ex parte Haralson,
 
 853 So.2d 928, 931 n. 2 (Ala.2003)).
 

 Discussion
 

 Initially, we note that this case involves the immunity of the director of a State agency, in his official capacity, against an action seeking money damages and injunctive relief. The issue of immunity is a jurisdictional one. “This constitutionally guaranteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action.”
 
 Alabama State Docks Terminal Ry. v. Lyles,
 
 797 So.2d 432, 435 (2001). Therefore, a court’s failure to dismiss a case for lack of subject-matter jurisdiction based on the doctrine of sovereign immunity may properly be addressed by a petition for the writ of mandamus.
 
 See Ex parte Alabama Dep’t of Mental Health & Mental Retardation,
 
 837 So.2d 808, 810-11 (Ala.2002).
 

 In
 
 Alabama Department of Transportation v. Harbert International, Inc.,
 
 990 So.2d 831 (Ala.2008), this Court set forth the established principles of sovereign or State immunity:
 

 “[Article I,] Section 14[, Ala. Const. 1901,] provides generally that the State of Alabama is immune from suit: ‘[T]he State of Alabama shall never be made a defendant in any court of law or equity.’ This constitutional provision ‘has been described as a “nearly impregnable” and “almost invincible” “wall” that provides the State an unwaivable, absolute immunity from suit in any court.’
 
 Ex parte Town of Lowndesboro,
 
 950 So.2d 1203, 1206 (Ala.2006). Section 14 ‘specifically prohibits the State from being made a party defendant in any suit at law or in equity.’
 
 Hutchinson v. Board of Trs. of Univ. of Alabama,
 
 288 Ala. 20, 23, 256 So.2d 281, 283 (1971). Additionally, under § 14, State agencies are ‘absolutely immune from suit.’
 
 Lyons v. River Road Constr., Inc.,
 
 858 So.2d 257, 261 (Ala.2003).
 

 “Not only is the State immune from suit under § 14, but ‘[t]he State cannot be sued indirectly by suing an officer in his or her official capacity....’
 
 Lyons,
 
 858 So.2d at 261. ‘Section 14 prohibits actions against state officers in their
 
 *1206
 
 official capacities when those actions are, in effect, actions against the State.’
 
 Haley v. Barbour County,
 
 885 So.2d 783, 788 (Ala.2004). To determine whether an action against a State officer is, in fact, one against the State, this Court considers
 

 “ ‘whether “a result favorable to the plaintiff would directly affect a contract or property right of the State,”
 
 Mitchell [v. Davis,
 
 598 So.2d 801, 806 (Ala.1992) ], whether the defendant is simply a “conduit” through which the plaintiff seeks recovery of damages from the State,
 
 Barnes v. Dale,
 
 530 So.2d 770, 784 (Ala.1988), and whether “a judgment against the officer would directly affect the financial status of the State treasury,”
 
 Lyons
 
 [v.
 
 River Road Constr., Inc.],
 
 858 So.2d [257] at 261 [ (Ala.2003) ].’
 

 “Haley,
 
 885 So.2d at 788. Additionally, ‘[i]n determining whether an action against a state officer is barred by § 14, the Court considers the nature of the suit or the relief demanded, not the character of the office of the person against whom the suit is brought.’
 
 Ex parte Carter,
 
 395 So.2d 65, 67-68 (Ala.1980).
 

 “The immunity afforded State officers sued in their official capacities, however, is not unlimited:
 

 “ ‘[Section 14] immunity from suit does not extend, in all instances, to officers of the State acting in their official capacity.
 
 Unzicker v. State,
 
 346 So.2d 931 (Ala.1977). In limited circumstances the writ of mandamus will lie to require action of state officials. This is true where discretion is exhausted and that which remains to be done is a ministerial act.
 
 See Hardin v. Fullilove Excavating Co., Inc.,
 
 353 So.2d 779 (Ala.1977);
 
 Tennessee & Coosa R.R. Co. v. Moore,
 
 36 Ala. 371 (1860). Action may be enjoined if illegal, fraudulent, unauthorized, done in bad faith or under a mistaken interpretation of law.
 
 Wallace v. Board of Education of Montgomery Co.,
 
 280 Ala. 635, 197 So.2d 428 (1967). If judgment or discretion is abused, and exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof. The writ will not lie to direct the manner of exercising discretion and neither will it lie to compel the performance of a duty in a certain manner where the performance of that duty rests upon an ascertainment of facts, or the existence of conditions, to be determined by an officer in his judgment or discretion.
 
 See Barnes v. State,
 
 274 Ala. 705, 151 So.2d 619 (1963).’
 

 “McDowell-Purcell, Inc. v. Bass,
 
 370 So.2d 942, 944 (Ala.1979).
 

 “Moreover, certain causes of action are not barred by § 14:
 

 “ ‘ “There are four general categories of actions which in
 
 Aland v. Graham,
 
 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their
 
 *1207
 
 representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law.
 
 Wallace v. Board of Education of Montgomery County,
 
 ... 280 Ala. [685] at 639, 197 So.2d 428 [ (1967) ];
 
 Unzicker v. State,
 
 346 So.2d 931, 933 (Ala.1977);
 
 Engelhardt v. Jenkins,
 
 273 Ala. 352, 141 So.2d 193 (1962).” ’
 

 “Drummond Co. v. Alabama Dep’t of Transp.,
 
 937 So.2d 56, 58 (Ala.2006) (quoting
 
 Carter,
 
 395 So.2d at 68)(empha-sis omitted). These actions are sometimes referred to as ‘exceptions’ to § 14; however, in actuality these actions are simply not considered to be actions ‘ “against the State” for § 14 purposes.’
 
 Patterson v. Gladwin Corp.,
 
 835 So.2d 137, 142 (Ala.2002). This Court has qualified those ‘exceptions,’ noting that ‘ “[a]n action is one against the [S]tate when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiffs recovery of money from the [S]tate.” ’
 
 Alabama Agric. & Mech. Univ. v. Jones,
 
 895 So.2d 867, 873 (Ala.2004) (quoting
 
 Shoals Cmty. Coll. v. Colagross,
 
 674 So.2d 1311, 1314 (Ala.Civ.App.1995))....”
 

 Harbert,
 
 990 So.2d at 839-40 (emphasis omitted).
 

 Murphy argues that the respondents’ action should be dismissed because, he says, it is barred by the doctrine of sovereign or State immunity. Specifically, Murphy argues that even though the respondents sued him in his official capacity as director of the Department, the respondents’ action is, at least in part, an action seeking money damages against the State and, thus, is barred by the doctrine of sovereign immunity. Murphy concedes in his brief that counts I (styled in the respondents’ complaint as “Class Claim for Declaratory Relief’) and II (styled in the respondents’ complaint as “Class Claim for Injunctive Relief’) of the respondents’ complaint are not barred by the doctrine of sovereign immunity to the extent that the respondents seek a declaratory judgment for the purposes of obtaining prospective injunctive relief. Therefore, Murphy is petitioning this Court for a writ of mandamus concerning only counts III (styled in the respondents’ complaint as “Class Claim for Unjust Enrichment/Disgorgement”) and IV (styled in the respondents’ complaint as “Class Claim for Unlawful Taking”) of the respondents’ complaint, which both seek money damages.
 

 The respondents argue that their claims for money damages are not barred by the doctrine of sovereign immunity because, they say, they fit within the exception to the doctrine of sovereign immunity that “actions for ... damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law,”
 
 Harbert,
 
 990 So.2d at 840, are not barred by the doctrine of sovereign immunity and, thus, an action asserting such claims is in actuality not an action against the State. The respondents contest that the plain language of the “exception” should govern and that they should be allowed to recover money damages against the State. We disagree.
 

 As set forth above, the “exceptions” to § 14 are qualified by the general principle that “ ‘[a]n action is one against the [S]tate when a favorable result for the plaintiff ... would result in the plaintiffs recovery of money from the [S]tate.’ ”
 
 Alabama Agric. & Mech. Univ. v. Jones,
 
 895 So.2d 867, 873 (Ala.2004) (quoting
 
 *1208
 

 Shoals Cmty. Coll. v. Colagross,
 
 674 So.2d 1311, 1314 (Ala.Civ.App.1995)(emphasis omitted));
 
 see also Ex parte Butts,
 
 775 So.2d 173, 177 (Ala.2000) (“A complaint seeking money damages against a State employee in his or her official capacity is considered a complaint against the State, and such a complaint is barred by Art. I, § 14, Alabama Constitution of 1901.”). Further, this Court has held that actions to recover money damages from the State that seek to compel the payment of money the State is not legally obligated to pay pursuant to a contract are generally barred. For example,
 

 “[i]n
 
 Stark v. Troy State University,
 
 514 So.2d 46 (Ala.1987), the plaintiff, an employee of a State university, sued certain State officers employed by the university, arguing that they had violated the university’s policies in underpaying him during a prior academic year. He thus sought damages for back pay. The defendants argued that the action was barred by § 14. We stated:
 

 “ ‘Based on the foregoing, if the individual defendants have not acted toward the plaintiff in accordance with the rules and regulations set by the university,
 
 their acts are arbitrary and an action seeking to compel them to perform their legal duties will not be barred by the sovereign immunity clause of the Alabama Constitution of 1901; however, the action for compensatory damages cannot be maintained.
 
 The reason was stated in
 
 Gunter v. Beasley,
 
 414 So.2d 41 (Ala.1982):
 

 “ ‘ “Section 14 prohibits the State from being made a defendant in any court of this state and neither the State nor any individual can consent to a suit against the State.
 
 Aland v. Graham,
 
 287 Ala. 226, 250 So.2d 677 (1971). The application of Section 14 to suits against officers of the State was treated in
 
 Ex parte Carter,
 
 395 So.2d 65 (Ala.1980), as follows:
 

 In determining whether an action against a state officer is barred by § 14, the Court considers the nature of the suit or the relief demanded, not the character of the office of the person against whom the suit is brought.
 
 Wallace v. Board of Education of Montgomery County,
 
 280 Ala. 635, 197 So.2d 428 (1967).
 
 This Court has held that § 1⅛ prohibits suit against State officers and agents in their official capacity or individually when a result favorable to the plaintiff would directly affect a contract or property right of the State. Southall v. Stricos Corp.,
 
 275 Ala. 156, 153 So.2d 234 (1963).’ ” (Emphasis added.)
 

 “ ‘414 So.2d at 48.’
 

 “514 So.2d at 50-51.”
 

 Harbert,
 
 990 So.2d at 844-45.
 

 It is undisputed that the respondents are seeking money damages from the State. Although the respondents’ action alleging that Murphy had improperly overcharged them for renewal and duplicate drivers’ licenses based upon either a misinterpretation of the law or a willful misapplication of the law is not necessarily barred by the doctrine of sovereign immunity, a judgment in the respondents’ favor would affect the financial status of the State treasury, and, thus, the action for money damages cannot be maintained. Accordingly, to the extent that the respondents’ action seeks money damages from the State, it is barred by the doctrine of sovereign immunity.
 

 Conclusion
 

 Murphy has demonstrated a clear legal right to dismissal of counts III and IV of
 
 *1209
 
 the respondents’ complaint. Accordingly, we direct the circuit court to grant Murphy’s motion to dismiss counts III and IV of the respondents’ amended complaint.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and STUART, SHAW, and WISE, JJ., concur.
 

 [1]
 

 . Murphy is no longer director of the Department of Public Safety. He resigned as director in September 2010, while this petition was pending.
 
 See
 
 Rule 43(b), Ala. R.App. P.: "When a public officer is a party to an appeal or other proceeding in the appellate court in that officer’s official capacity, and during its pendency ... resigns ..., the action shall not abate and the public officer’s successor is automatically substituted as a party.’’ The current director is Hugh B. McCall.