(135 So. 462)

### CITY OF HUNTSVILLE v. GROSS et al.

### 8 Div. 210.

Supreme Court of Alabama.

June 11, 1931.

Taylor, Richardson & Sparkman, of Huntsville, for appellees.

John B. Young and Lanier & Pride, all of Huntsville, for appellant.

## BOULDIN, J.

The bill was filed by the city of Huntsville to reopen an alleged public street and enjoin its obstruction.

The location is along the south side of Huntsville Spring branch; extends from Oak

avenue, formerly Henry street, west one block to Miller street.

The city claims by common-law dedication, evidenced by a plat and map of the Martin Miller tract made in 1866, followed by deeds with reference to such plat. The city further claims by prescription the public use of a defined highway as of right for the pre-scriptive period of twenty years.

The respondents, owners of all the abutting property, deny the existence of the alleged street; and further allege the abandonment and vacation of same, if such 'there was.

The trial court heard the testimony orally. His careful consideration of the several issues and his conclusions of law and fact appear in an opinion accompanying the decree denying relief. This opinion appears in full in the report of the case.

█ A photostatic copy of the Martin Miller survey and plat of 1866, with other documents, is sent up for inspection. We fully concur with the finding that this map does not show with sufficient certainty a street 60 feet in width, as claimed in the bill, along the south bank of the Spring branch, and across the north end of lots 26, 27, 28, and 29, comprising the block in question.

The line supposed to mark the south boundary of such street is not equidistant from the line denoting the south bank of the stream. No scale appears from which the width can be measured. No words or figures appear thereon designating the strip as a street, nor giving its width. It is in marked contrast to the clearly marked, much wider street mapped and designated by distinct lines, words, and figures, as a sixty-foot right of way beginning immediately west of Miller street and extending westward along the south side by the Spring branch to Dry creek, thence with the old canal to the western boundary of the tract.

The deeds made with reference to the plat and survey furnish no aid to the map itself. They call for lot numbers, but refer to no street as a boundary on the north. Indeed, as early as 1887, a warranty deed called for the Spring branch as the north boundary.

A dedication by grant, in which a map is descriptive matter, and consummated by acceptance evidenced by deeds with reference thereto, is subject to the general rules touching certainty in description as other deeds of conveyance. Manning v. House, 211 Ala. 571, 100 So. 772; Smith v. City of Opelika, 165 Ala. 630, 51 So. 821.

Strong evidence appears that far back in the memory of the older citizens of Huntsville there was a defined driveway in general use by the public along this south bank, although through open property; and for a period of time, how long it would be difficult to say, the city authorities improved and maintained it with cinders. This is probably the strongest indication that the map itself was intended to recognize a narrowed passway across this property. In this connection we observe the same map shows "Con-Fountain Rowe," a public street extended from the southwest corner of the public square in Huntsville two blocks west to Miller street. Fountain Rowe is the south front of this property, and within some 200 feet of the Spring branch. Thus a full width street connects through Miller street with the sixty-foot right of way shown on the map beginning at Miller street and running west.

The evidence of user either in aid of the plat or as evidence of a prescriptive right furnishes no support to the contention of the city for a' sixty-foot street along Spring branch as claimed in the bill.

If the issues made by the pleadings be considered broad enough to claim a narrower street or alley way, undefined in the bill, a careful study of the evidence furnishes no data by which the court could now draw a decree defining the width and location of any such public street in use in those remote times.

In meditating upon this record, drawing upon the memory of many of the oldest and best people of Huntsville, we are impressed with practical difficulty of proving and re-establishing a highway by prescription after it has been completely abandoned for more than twenty years and all evidence upon the ground obliterated by flood waters and changes otherwise wrought by time. It must rest upon the memory of witnesses covering a period back of twenty years, and extending to forty years at least.

The case is different from Webb v. City of Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62, involving an existing street established by record evidence.

The rule of repose, closing the door of inquiry upon matters allowed to slumber for the full period beyond which the wisdom of centuries has declared controversies should have an end, has a wide field of operation.

The necessities of the case require no decision upon the application of such rule to this situation, but this is written lest our opinion be construed as implied authority to the contrary.

We rest our conclusion on this point upon want of sufficient certainty, whatever be the weight of testimony on the opposing sides, to warrant the relief sought.

█ The trial court further concluded that this street, if such there was, has been vacated by virtue of Code, § 10362, as amended, Acts of 1927, p. 194, Michie's Code, § 10362.

Strong arguments are presented on this question.

Without question, the city authorities, more than twenty years prior to the bringing of this suit, caused a new map to be made, and approved it when made. By this map no street is recognized across the block in question. It is platted anew as block 236, with lots, numbered 1 and 2, running east and west, No. 2 being bounded north by Spring branch. This map shows Canal street laid out just north of and across the Spring branch from this property. It is shown Canal street has now been paved.

For more than twenty years, and probably from the adoption of the new map, the use of the passway south of the Spring branch has been abandoned, and the owners of the property have made such use as suited their convenience. Latterly, by grading and paving Oak avenue, access to such old way in its present state has been cut off, at least for vehicles. As noted by the trial court, it appears the abutting property owner was assessed for these improvements up to the Spring branch.

The sovereign power to create highways is the power to change or discontinue them. Certain vested property rights, not here involved, must be recognized and protected. In the absence of statute, municipalities with us are not vested with full power in this regard. But such power may be delegated by the Legislature; or the law, operating directly, may declare a street vacated by such acts of the owner and the municipal authorities as the Legislature may determine. Chichester v. Kroman, 221 Ala. 203, 128 So. 166, and authorities there cited; Thetford v. Town of Cloverdale, 217 Ala. 241, 115 So. 165.

By the act of 1887, providing for a statutory dedication of streets by the owner upon the making and recording of a duly certified plat, provision was also made for the vacation of such plat, in whole or in part. Code of 1896, §§ 3899 to 3905. This statute became article 2, c. 142, of the Code of 1907, headed "Surveyors and Surveys."

By amendments, similar provision was made for vacation of streets dedicated under common-law principles by platting the property followed by conveyances with reference thereto. This scheme provides for a written declaration by the owner, properly acknowledged, accompanied by a resolution of the governing body, and both duly recorded. Code 1923, § 10361.

By original act of 1923, much broader provision is made for change in location or vacation of a street; and by amendment of 1927 this act is extended to streets acquired by prescription. Acts 1923, p. 10; Acts 1927, p. 194; Michie's Code, § 10362.

This statute makes no reference to the former statute, except to repeal same in so far as in conflict therewith. This statute purports to cover "each and every change in location, or vacation or attempted vacation of any road, street [etc.], by the owner," if "assented to, acquiesced in or authorized" by the municipal authorities at the time, or thereafter "ratified or confirmed" by them.

This statute is silent as to the manner in which the owner shall express his will to vacate the street or his attempt so to do. Since it covers changes in location made or attempted by him and streets by prescription not dependent on any record, it would seem the broad language employed includes overt acts expressive of such purpose. Neither does the act prescribe the manner in which the municipal authorities shall express their approval or "acquiescence."

Since such governmental action, not the mere will of the owner, is essential to the effectiveness of such procedure, we think the act contemplates the action of the governing body shall be expressed in the usual way, through its records.

But the terms are so broad as to indicate that any municipal action with knowledge of the facts, clearly expressive of municipal approval of the vacation and abandonment of such street, is sufficient.

Such municipal action is clearly expressed in this case. We therefore concur with the holding of the trial court on this feature of the case.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.