70 So.2d 647

**BENSON v. PICKENS COUNTY et al.**

6 Div. 578.

Supreme Court of Alabama.

Jan. 14, 1954.

Rehearing Denied March 11, 1954.

John A. Altman, Carrollton, for appellant.

Patton & Robison, Curry & Curry, Carrollton, for appellees.

SIMPSON, Justice.

This is an appeal from a final decree denying relief and dismissing a bill filed by a property owner in possession, whose title is not in dispute, against Pickens County and its Board of Commissioners as such officials and as individuals. The bill as last amended charges that said defendants entered upon the lands of the complainant and cut a road across the same without complainant's consent and without acquiring the right so to do or paying her compensation for the damages to her property. The bill seeks a declaratory decree as to the liability of the defendants for damages alleged to have resulted from their acts and for incidental relief.

The defendants contend that the county was merely reopening and improving an old public road which traversed the land of the complainant since the year 1912 after an order of the Court of County Commissioners of Pickens County had been entered on the minutes of the court on April 3, 1912, and pursuant to which a public road was established. The stated entry on the minutes of the court is merely a recital that all of the parties over or through whose land the road is to pass are in court and have agreed to its location and have "released their claims for damages or have been satisfied"; then follows a designation of the course the road is to take along the division lines between certain named individuals (one being complainant's predecessor in title) and over the property of certain other named individuals. No other description of the roadway is embodied in the minute entry and nothing is mentioned with respect to the width of the proposed road or just how or whether the county acquired title to the roadway or the extent of that title.

Quite clearly the minute entry of 1912 standing alone and unaided by other proof going to show that the county had lawfully acquired a right of way over the lands of the complainant's predecessor Hamner gave the county no grant so as to justify the opening up of the way as a public road. This case was once before this court on a matter of pleading and we there took occasion to refer to certain applicable principles with reference to the 1912 minute entry. See Benson v. Pickens County, 253 Ala. 134, 43 So.2d 113. The opinion pointed out that there was no contention that a right of way had been con-

demned by the county under its power of eminent domain and so far as we know the only other means of obtaining a record of title to land or an easement over land from a landowner is by some form of written instrument either conveying the roadway or dedicating it to public use, which is not the case here. The purported order standing alone is no more than an ex parte recital of the Commissioners' Court that the county proposed to establish or was ordering the establishment of a road along a certain route. Whether the county later acquired a right of way along that route by eminent domain or by prescription or dedication from the property owners does not appear. The stated minute entry therefore cannot serve as a basis for the defendants' entry upon complainant's land.

■ Nor does the said entry without more establish that there had been a common law dedication by the former owner of any land for a public road. Laying aside the fact that no showing is made that the complainant's predecessor in title in 1912, when the order was made, had agreed that the road be opened up, there is no sufficient description with respect to the width of the proposed road to form the basis of a dedication. "To constitute a good common-law dedication a definite and certain description of that which is proposed to be dedicated is necessary. The instrument relied on as dedicating property should show on its face at least enough to enable a competent surveyor to find with absolute certainty that which is assumed to be conveyed. * * *" 26 C.J.S., Dedication, § 14, p. 68; City of Huntsville v. Gross, 223 Ala. 205, 135 So. 462.

■ The stated order, therefore, being inefficacious to justify a trespass against one in the peaceable possession of land against objection and protest by the occupant, the only other defense available to the defendants was that the road had been established as a public road by prescription by reason of its continuous use by the public as a roadway without let or hindrance for a period of twenty years. No mention of the roadway appears in the deed conveying the property to the complainant and on the issue posed we think the evidence is entirely unsatisfactory to substantiate the claim of a public road by prescription. True, there was a "dim" way which traversed the complainant's property along a part of the route described in the 1912 order and there was evidence that in 1912 some character of road had been opened up along that route, but the land over which the way ran was wild, unused, unenclosed land and for more than twenty years has been little used, if at all, and had grown up in trees and bushes and had practically disintegrated in parts into gulleys and ditches, and this condition had existed for many, many years. The proof further indicates that the roadway was never used to much extent and in late years had been practically abandoned. The two commissioners of the district where the lands involved are located testified that during their tenure in office, extending from about 1925 to 1938, the county authorities had never worked the road nor was it known as a public road. It never was any real through way or an essential link between definite objectives; nor did it serve the neighborhood to any degree; there was no proof of any distinct claim by the few who are said to have traveled on it intermittently of a right adverse to the owner, but the evidence was consistent with a permissive use.

■ It is the established law, of course, that an open defined roadway in continuous use by the general public as a highway without let or hindrance for a period of twenty years becomes a public highway by prescription and if the landowner claims the use is permissive only the burden is on him to show it. Central of Georgia R. Co. v. Faulkner, 217 Ala. 82, 114 So. 686; Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774.

But this principle has been held to be limited in its application to "well-defined highways running over improved or reclaimed lands, and is not applicable to wooded or unimproved lands, or lands which, though once reclaimed, have been 'turned out,' or left open and unused." Locklin v. Tucker, 208 Ala. 155–156, 93 So. 896, 897. In such latter case mere user without tending to show adverse user under

claim of right does not raise a presumption of dedication. Locklin v. Tucker, supra; Trump v. McDonnell, 120 Ala. 200, 203, 24 So. 353; Rosser v. Bunn, 66 Ala. 89, 94. As was said in Merchant v. Markham, 170 Ala. 278, 280, 54 So. 236, 237 (principle later held to be limited in application to wooded, unimproved or open, unreclaimed land, Locklin v. Tucker, supra):

"The doctrine of prescription applies to public roads, but when a public road is sought to be declared, by prescription, the burden is on the complainant to show, not only the continuous user for 20 years, but that the road was used as a matter of right, and not merely by permission of the landowners. Indeed, when there are certain statutory requirements for establishing public roads, and when the overseers of roads may be required to work all public roads, it would seem that, in the absence of any recognition by the public authorities, it would take very clear proof to rebut the presumption that a user is merely permissive in this country where it is common knowledge that roads are frequently used, merely as a matter of convenience, and with no intention of their being dedicated to the public * * * ."

So in the instant case we think that in view of the desultory use—indeed almost non-user—of the "dim" way for so many years and the fact that the public authorities gave no recognition of the way—if so it could be called—by working it or exercising acts of ownership over it for more than twenty years, it would take clearer proof than has been brought forth to rebut the presumption that the use was merely permissive.

We entertain the view, therefore, that the learned trial court failed to give application of the controlling principles enunciated above to the facts adduced and of consequence must order a reversal of the decree.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.