Henry P. Ford appeals from a final judgment, entered after anore tenus hearing, which denied him a temporary restraining order and preliminary and permanent injunction against Alabama By-Products Corporation to prohibit and prevent it from relocating a road, alleged to be a public one *Page 218 
by Ford, and to require Alabama By-Products to maintain the road known as Ford Road, and which judgment also denied him other relief, including a declaration that Ford Road was a public road. We affirm.
 Facts
Henry P. Ford owns farm land in western Jefferson County located within a horseshoe bend of the Locust Fork Branch of the Warrior River. North of Mr. Ford's property, at the open end of the horseshoe, Alabama By-Products Corporation owns land which separates Mr. Ford's property from the nearest public road, Gobbler's Knob Road. A road called Ford Road originates at Gobbler's Knob Road and runs in a southerly direction across Alabama By-Products' land and the Ford farm all the way to the river. The sketch attached as an appendix depicts the location of the properties of the parties and the roads.
Ford Road was originally a narrow wagon trail or logging road by which numerous individuals traveled during the last 60 years to fish and swim at the river, log and hunt in the surrounding woods, or to farm the Ford land in the bend of the river. Several of the witnesses who had traveled the road testified they had never been prohibited from traveling the road nor had they ever seen posted a no trespassing sign. Mr. Ford, himself, had used the road since 1933.
Jefferson County improved the road and worked it from 1966 to 1971. Prior to 1966 the county considered it an impassable dirt road. In 1971 the county discontinued maintenance of the road because there was only one house at the end of the road and the county had not established prescriptive rights in the road, and apparently did not wish to accept it by dedication or otherwise, with the resulting obligation of maintenance.
The Alabama By-Products land through which Ford Road runs was heavily wooded and not developed prior to strip mining operations which commenced in 1969. Alabama By-Products owns significant coal reserves under Ford Road which it plans to strip mine. It constructed a road as an alternate means of access to the Ford farm while the Ford Road site is being strip-mined.
The trial court found Ford Road not to be a prescriptive easement or a public road. Instead, it found that use of Ford Road over lands of Alabama By-Products was permissive and the relocated road was a reasonable alternative access to the Ford property. Issues
(1) Whether Ford Road became a public road by prescription?
(2) Whether Henry P. Ford acquired a prescriptive easement over Alabama By-Products' land by his use of Ford Road?
Mindful that this is an ore tenus case, every presumption will be indulged in favor of the trial court and its findings will not be disturbed unless palpably wrong.
We first consider whether the trial court erred in finding Ford Road not to be a public one.
A public road may be established by common law dedication, statutory proceeding, or by prescription. Powell v. Hopkins,288 Ala. 466, 262 So.2d 289 (1972). An open, defined roadway, through reclaimed land, in continuous use by the public as a highway without let or hindrance for a period of twenty years becomes a public road by prescription. When such circumstances are shown, a presumption of dedication or other appropriation to a public use arises. The burden is then on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession. Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95 (1954).
In Benson v. Pickens County, 260 Ala. 436, 70 So.2d 647
(1954), it was noted that the above principles were not applicable to wooded or unimproved lands or lands which, though once reclaimed, had been "turned out" or left open and unused. Instead, where the road runs over unimproved or "turned out" lands there is no presumption of dedication by mere use; rather there *Page 219 
is a presumption of permissive use and the user must establish his use as adverse to that of the owner. This principle is grounded on sound policy. Otherwise, an owner with no present use for the land over which a road runs would be required to suffer the expense of taking affirmative action to prevent travel over his unused land to avoid having a public road established on that land.
In light of the record, and the trial court's findings, we must conclude that the land over which Ford Road ran was unimproved or "turned out" land and that the use of the road by the public was permissive. It follows, therefore, that the trial court did not err in holding that Ford Road was not a public one.
We now consider whether Ford acquired a private prescriptive easement in Ford Road.
"A private easement is not established merely by the use of the lands of another for a period of twenty years or more. Such use must have been adverse to the owner of the premises over which the easement is claimed, under claim of right, exclusive, continuous and uninterrupted, with actual or presumptive knowledge of the owner." West v. West, 252 Ala. 296,40 So.2d 873 (1949). There is a presumption that the user is permissive rather than adverse unless shown otherwise. Also, such a permissive use does not ripen into a prescriptive or adverse use unless there has been such a repudiation of the permissive use as to afford notice of an adverse claim. Cotton v. May,293 Ala. 212, 301 So.2d 168 (1974).
Under the facts of this case we cannot conclude that the trial court erred in finding that Ford acquired no easement in the existing Ford Road. The judgment below is due to be and is hereby affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., and JONES and ADAMS, JJ., concur specially.