[1] This case was styled below as "Keith Hadley v. Howard G. Thompson and Lillian M. Thompson." Keith Hadley was the original appellee in this appeal. As discussed in the body of this opinion, this court granted Hadley's motion to substitute his former wife, Deborah J. Wasdin, as the appellee.
Howard G. Thompson and his wife Lillian M. Thompson appeal from an adverse judgment on their claim to a prescriptive easement over property adjoining land they own. *Page 1059 
The facts set forth in this paragraph are undisputed. In February 1990, Keith Hadley purchased from International Paper Company approximately 10 acres of land located in Baldwin County. Shortly thereafter, Hadley placed a mobile home on the property and he and his wife began living there. A dirt road traverses the Hadley property from its northern boundary to its southern boundary. The Thompsons' land adjoins the Hadley property along a portion of the Hadley property's northern boundary. The Thompsons and others have used the dirt road across the Hadley property to gain access to a paved road running along the southern boundary of the Hadley property.
In December 1991, Hadley filed a declaratory judgment action against the Thompsons, seeking a declaration that the dirt road on his property was not a public road; that the Thompsons had acquired no rights to the road; and that he was entitled to close the road. The Thompsons answered, claiming that the dirt road had become a public road by prescription, or, in the alternative, that they had acquired a private prescriptive easement in the dirt road. After taking ore tenus testimony and personally viewing the property, the trial court entered a judgment in favor of Hadley. The Thompsons' appeal is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
On December 5, 1994, after the record on appeal and the appellants' brief had been filed, Hadley filed a motion to substitute his former wife, now known as Deborah J. Wasdin, as the appellee. The motion stated that the property owned by Hadley at the time of the trial had been conveyed to Ms. Wasdin on January 24, 1994. On December 7, 1994, Hadley filed his appellee's brief. On December 16, 1994, this court granted Hadley's motion to substitute his former wife as the appellee; however, in order to avoid confusion, we will continue to use "Hadley" in this opinion to refer to the appellee.
The Thompsons raise two issues concerning their claim that the dirt road on the Hadley property had become a public road by way of prescription. They argue (1) that the trial court erred in finding that the Hadley property was unimproved land and (2) that this court should change the burden of proof in cases involving a claim that a road over unimproved land has become a public road by prescription.
 "A public road may be established by common law dedication, statutory proceeding, or by prescription. Powell v. Hopkins, 288 Ala. 466, 262 So.2d 289 (1972). An open, defined roadway, through reclaimed land, in continuous use by the public as a highway without let or hindrance for a period of twenty years becomes a public road by prescription. When such circumstances are shown, a presumption of dedication or other appropriation to a public use arises. The burden is then on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession. Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95 (1954).
 "In Benson v. Pickens County, 260 Ala. 436, 70 So.2d 647 (1954), [however,] it was noted that the above principles were not applicable to wooded or unimproved lands, or lands which, though once reclaimed, had been 'turned out,' or left open and unused. Instead, where the road runs over unimproved or 'turned out' lands, there is no presumption of dedication by mere use; rather there is a presumption of permissive use and the user must establish his use as adverse to that of the owner."
Ford v. Alabama By-Products Corp., 392 So.2d 217, 218-19
(Ala. 1980). Accord Thomas v. City of Rainsville, 502 So.2d 346,348 (Ala. 1987). "[W]here the alleged roadway runs through wooded or unimproved lands, it takes clear and convincing proof to overcome the presumption that the use of the land was merely permissive." Wallace v. Putman, 495 So.2d 1072, 1074
(Ala. 1986).
In this case, the trial court specifically found that the dirt road across Hadley's property had been used continuously by the Thompsons and other members of the public for more than 40 years. The court also found that Hadley's "10-acre parcel was unimproved timberland until [Hadley] placed a mobile home upon the property" in 1990.
"Where evidence is presented to the trial judge ore tenus, the court's findings of fact *Page 1060 
based on that evidence are presumed correct and those findings will not be disturbed on appeal unless they are clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence." Jasper City Councilv. Woods, 647 So.2d 723, 726 (Ala. 1994). "[T]he ore tenus presumption is further strengthened in a case involving a dispute over real property, where the trial judge views the land in question." Hereford v. Gingo-Morgan Park,551 So.2d 918, 920 (Ala. 1989). The record clearly supports the trial court's finding that the Hadley property was unimproved timberland during the claimed prescriptive period.
As noted above, there are "two variations in the prescription method of establishing a public way, the distinction depending upon whether the road in question runs through 'improved or reclaimed' land or across 'unimproved or unreclaimed' land."Thomas v. City of Rainsville, 502 So.2d at 348. These variations "relate only to the burden of proof," id. — where the road runs through improved or reclaimed land, there is a presumption of dedication to public use and the burden is on the landowner to show that the use was permissive; where the road runs through unimproved or unreclaimed land, there is a presumption of permissive use and the burden is on the claimant to show that the use was adverse to that of the owner.
Because the trial court found that the Hadley property was unimproved timberland, the burden was on the Thompsons to show that the use of the dirt road was adverse to that of the owner for the prescriptive period. See McInnis v. Lay, 533 So.2d 581,583 (Ala. 1988); Ford v. Alabama By-Products Corp., 392 So.2d at 218-19. The trial court found that they had not met this burden. The Thompsons do not challenge the trial court's finding on this point. Instead, they argue that the burden of proof in "unimproved land" cases "should be abandoned in favor of more modern and practical standards."
However, this burden of proof was established long ago by the Alabama Supreme Court in Rosser v. Bunn Timberlake, 66 Ala. 89,95 (1880), and it has been repeatedly reaffirmed by that court in, e.g., McInnis v. Lay, 533 So.2d at 583; Thomas v.City of Rainsville, 502 So.2d at 348; Ford v. AlabamaBy-Products Corp., 392 So.2d at 218-19. This court is bound by the decisions of the Alabama Supreme Court, Ala. Code 1975, §12-3-16, and "is without authority to overrule the decisions of th[at] court," Jones v. City of Huntsville, 288 Ala. 242, 244,259 So.2d 288, 290 (1972).
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur.