JOHNSTONE, Justice.
In case number 1020276, the plaintiff Arnel J. Osborn appeals a judgment for the defendants Champion International Corporation and International Paper Company (collectively “Champion-International”) entered by the trial court after a bench trial. In case number 1020325, Champion-International purports to cross-appeal the denial of its summary-judgment motion. In case number 1020276, we affirm, on a rationale different from that of the trial court, the judgment of the trial court entered after the bench trial. In case number 1020325, we hold that the purported appeal of the denial of the Champion-International summary-judgment motion is moot.

Procedural Facts

After Champion-International insisted that the plaintiff pay Champion-International for an easement before using a road located on land owned by Champion-International as a route for the construction of a water line and a power line to the plaintiffs adjoining land, the plaintiff sued Champion-International for a declaratory judgment and money damages. The plaintiff claimed that the road on the Champion-International land had become a public road through prescriptive use of the road by the public for more than 20 years. The plaintiff further claimed that, because the road on the Champion-International land was a public road, he was entitled to use it as a route for constructing the water line and power line to his land without paying Champion-International for an easement.[1] Champion-International moved for a summary judgment, which the trial court denied without stating a rationale. Thereafter, the trial court conducted a bench trial and entered judgment for Champion-International on the basis of evidence ore terms at the bench trial.
In pertinent part, the declaratory judgment entered by the trial court states:
“[I]t is the finding of the Court that there is a roadway which connects Buck Haney Road, off Franklin County Road 75, with the Bessie Duboise Road, off Franklin County Road 73. It is further the finding of the Court that the roadway crosses property owned by [Champion-International] as well as property owned by other individuals who do not *884 object to it being declared a public roadway. The roadway in question was utilized prior to 1969 as access from the residences located in that area to the county seat, Russellville, Alabama. The roadway was used consistently and regularly by the public at that time. However, in 1969 the public highway identified as Highway 243 was opened for public use. Thereafter, the roadway in question had limited use with the majority of it being by individuals owning property and living in the area. Evidence indicates that there has been very little use of the roadway by anyone other than Plaintiff, [Champion-International,] and other adjoining landowners since 1982.
“It is the further finding of the Court that any maintenance done on the roadway since approximately 1969 has been done by [Champion-International]. No evidence of public maintenance was presented with the exception of some work done on the roadway by the [Works Progress Administration] in the 1940’s. It is the finding of the Court that the roadway was used as public access prior to 1969. However, since that time it has been abandoned and lost its public character. The roadway runs over wooded or unimproved land and there is a presumption that any use is permissive. The plaintiff has the burden of proving his use of the roadway is adverse to that of the owner.
“It is undisputed that Plaintiff, Arnel J. Osborn, utilized the roadway for access to his property [and that his use of it] was permissive. The first adverse use was the attempt to run a water line [under] the roadway. It is the finding of the Court that Plaintiff has failed to meet his burden of proof. It is therefore the finding of this Court that the roadway between Buck Haney Road and Bessie Duboise Road is a private roadway and not a public roadway.
“It is ORDERED, ADJUDGED, and DECREED that the gravel and dirt roadway in question, which lies between and adjoins Buck Haney Road and Bessie Duboise Road is NOT a public roadway.”
I. Case Number 1020276

Issue

On appeal, neither the plaintiff nor Champion-International disputes the fact findings of the trial court in the declaratory judgment. Instead, the plaintiff asserts that, while the trial court correctly reached the legal conclusion that the use of the road by the public before 1969 established the road as a public road by prescription, the trial court erred in reaching the legal conclusion that the cessation of the use of the road by the public after 1969 constituted an abandonment of the prescriptive right of the public to use the road as a public road. On the other hand, while Champion-International asserts that the trial court correctly reached the ultimate legal conclusion that the road is not a public road at the present time, Champion-International also asserts that the trial court erred in reaching the initial legal conclusion that the use of the road by the public before 1969 established the road as a public road through prescription. Thus, the issues presented by the appeal in case number 1020276 are: (1) whether the trial court erred in reaching the legal conclusion that the use of the road by the public before 1969 established the road as a public road by prescription, and, if the trial court did not err in that conclusion, (2) whether the trial court erred in reaching the legal conclusion that the cessation of use of the road by the public after 1969 constituted an abandonment of the prescriptive right of the public to use the road as a public road.

*885
Law

1. Standard of Review
“‘“[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those facts.”’ Harris v. McKenzie, 703 So.2d 309, 313 (Ala.1997) (quoting Craig Constr. Co., Inc. v. Hendrix, 568 So.2d 752, 756 (Ala.1990)). The ore tenus ‘standard’s presumption of correctness has no application to a trial court’s conclusions oh questions of law.’ Beavers [v. Walker County], 645 So.2d [1365,] 1372 [(Ala.1994)]. ‘[O]n appeal, the ruling on a question of law carries no presumption of correctness, and'this Court’s review is de novo.’ Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997).”
Rogers Foundation Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999).
2. Establishment of Public Roads by Prescription and Evidentiary Presumptions Applicable to the Determination of Whether a Public Road Has Been Established by Prescription
In holding that public use of a road for over 60 years had not established it as a public road by prescription, this Court in Ford v. Alabama By-Products Corp., 392 So.2d 217, 218-19 (Ala.1980), stated:
“A public road may be established by common law dedication, statutory proceeding, or by prescription. Powell v. Hopkins, 288 Ala. 466, 262 So.2d 289 (1972). An open, defined roadway, through reclaimed land, in continuous use by the public as á highway without let or hindrance for a period of twenty years becomes a public road by prescription. When such circumstances are shown, a presumption of dedication or other appropriation to a public use arises. The burden is then on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession. Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95 (1954).
“In Benson v. Pickens County, 260 Ala. 436, 70 So.2d 647 (1954), it was noted that the above principles were not applicable to wooded or unimproved lands or lands which, though once reclaimed, had been ‘turned out’ or left open and unused. Instead, where the road runs over unimproved or ‘turned out’ lands there is no presumption of dedication by mere use; rather there is a presumption of permissive use and the user must establish his use as adverse to that of the owner. This principle is grounded on sound policy. Otherwise, an owner with no present use for the land over which a road runs would be required to suffer the expense of taking affirmative action to prevent travel over his unused land to avoid having a public road established on that land.”
In holding that the trial court had erred in applying a presumption that the public use of a road on unimproved land was adverse rather than permissive, this Court in McInnis v. Lay, 533 So.2d 581, 584-85 (Ala.1988), stated:
“Where a road runs over wooded or ‘unimproved’ land, or land which, though .once reclaimed, has been ‘turned out’ or left open and unused, there is no presumption of dedication by mere use; rather there is a presumption of permissive use, and the user must establish his use as adverse to that of the owner. ‘This principle is grounded on sound policy. Otherwise, an owner with no present use for the land over which the road runs would be required to suffer the expense of taking affirmative action to prevent travel over his unused land to avoid having a public road established on that land.’ Ford v. Alabama By-Products Corp., [392 So.2d 217,] 219 [(Ala.1980)].... We can see no basis *886 upon which to conclude that the character of a tract of wooded or ‘unimproved’ land should be altered by its mere proximity to another tract, or other tracts, of ‘improved’ land. The interest sought to be protected by the ‘unimproved’ land presumption is that of the owner of the land over which the road runs.
“ ‘The presumption in such cases is that the user is permissive; and it is a perfectly natural presumption, since the use conflicts with no interest of the owner in the land, does not interfere with any use he presently desires to make of it, nor curtail or limit in any way his enjoyment of it in the state and condition in which he has put it or allowed it to remain, and very frequently ... conserves the ends of good neighborhood.’
“Trump v. McDonnell, 120 Ala. [200,] 204, 24 So. [353,] 354 [(Ala.1898)].... Under the facts of this case, as we understand them, the burden was on the plaintiffs to prove continuous, adverse public use for a period of 20 years. Our review of the record indicates that they did not meet that burden. Plaintiffs introduced evidence at trial tending to show that the roadway in question had existed for well over 20 years and had, in fact, been used over the years by the owners and tenants of [parcels of land that were either contiguous to the road or near the road], as a means of ingress and egress, as well as by members of the general public to reach a recreational area on Sandy Creek. However, we are unable to find any evidence tending to show that this use was adverse for the prescriptive period. As previously stated, where a road runs over wooded or ‘unimproved’ land, there is no presumption of dedication by mere use. Because the plaintiffs failed to prove an essential element of prescriptive dedication (i.e., adverse public use), that portion of the judgment of the trial court establishing the roadway in question as a public road must be reversed.”
(Emphasis omitted.)
In Kerlin v. Tensaw Land & Timber Co., 390 So.2d 616, 618 (Ala.1980), this Court stated that “[a]dverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years.” Accord, Sparks v. Byrd, 562 So.2d 211, 214 (Ala.1990). In Benson v. Pickens County, 260 Ala. 436, 438-39, 70 So.2d 647, 649 (1954), this Court accentuated the importance of the “under-a-claim-of-right” element of adverse possession to overcome the presumption that use of a road on unimproved land is permissive:
“In [the case of roads running over unimproved or ‘turned out’ land] mere user without tending to show adverse user under claim of right does not raise a presumption of dedication. Locklin v. Tucker, [208 Ala. 155, 93 So. 896 (1922)]; Trump v. McDonnell, 120 Ala. 200, 203, 24 So. 353 [(1898)]; Rosser v. Bunn, 66 Ala. 89, 94 [(1880)]. As was said in Merchant v. Markham, 170 Ala. 278, 280, 54 So. 236, 237 [(1911)] (principle later held to be limited in application to wooded, unimproved or open, unreclaimed land, Locklin v. Tucker, supra):
“ ‘The doctrine of prescription applies to public roads, but when a public road is sought to be declared, by prescription, the burden is on the complainant to show not only the continuous user for 20 years, but that the road was used as a matter of right, and not merely by permission of the landowners....’”
(Emphasis added.)

Analysis

Since the undisputed evidence established that the road was situated on unimproved woodland owned by Champion-International, the plaintiff bore the *887 burden of proving that the use of the road by the public was adverse under a claim of right. McInnis v. Lay, 533 So.2d at 583-85; Ford v. Alabama By-Products Corp., 392 So.2d at 218-19; and Benson v. Pickens County, 260 Ala. at 438-39, 70 So.2d at 649. The status of the Champion-International land as unimproved woodland also imposed a presumption that any use of the road by the public had been permissive rather than adverse. Id. Thus, affirmative evidence of adverse use, under a claim of right, by the public was necessary to overcome the presumption of permissive use and to justify a legal conclusion that the use of the road by the public established a prescriptive right in the public to use the road as a public road.
While the plaintiff presented witnesses who testified that they had used the road without asking permission from anyone, none of the plaintiffs witnesses testified that he or she had used the road under a claim of right before, during, or after 1969. This evidence and lack of evidence, like the plaintiffs’ evidence in McInnis v. Lay, tended to prove only that the public had used the road. The evidence did not tend to prove that the use was adverse, under a claim of right, rather than permissive. Similarly, while several of the plaintiffs witnesses testified that they assumed the road was a public road because they had observed the public.using the road, this evidence tended to prove only that the public had used the road. Thus, the plaintiff failed to meet his burden of proving that the use of the road by the public before 1969 was adverse, under a claim of right.
Accordingly, the trial court erred in concluding that the public use of the road before 1969 established the road as a public road through prescription. Since the road never became a public road through public use in the first place, we do not reach the merits of the plaintiffs contention that the trial court erred in concluding that the road later'became private again through the abandonment of its use by the public.
In summary, while we affirm the judgment of the trial court for Champion-International on the plaintiffs claims for a declaratory judgment and money damages, our affirmance is based on the failure of the plaintiff to prove that the road ever became a public road through prescription. This rationale eliminates the issue whether the public abandoned a prescriptive right to use the road as a public road after 1969.
II. Case Number 1020325
In case number 1020325, we hold that the cross-appeal by Champion-International of the denial of its motion for a summary judgment is moot.

Conclusion

In case number 1020276, we affirm the judgment for Champion-International entered by the trial court after the bench trial. The cross-appeal in case number 1020325 is dismissed as moot.
1020276 — AFFIRMED.
1020325 — DISMISSED AS MOOT.
HOUSTON, LYONS, HARWOOD, and WOODALL, JJ., concur.

. Although the original complaint claimed, in the alternative, that an easement by implication entitled the plaintiff to use the Champion-International road as a route for utilities without paying either Champion or International, an amendment to the complaint struck this alternative claim.