The Town of Elmore appeals the trial court's summary judgment holding its annexation invalid because it lacked the requisite consent of the landowners whose property was being annexed. The Town of Elmore also appeals the trial court's summary judgment dismissing its counter-claim challenging an annexation by the Town of Coosada as improper. We affirm.
 Facts and Procedural History A. The Elmore Annexation
Both the Town of Elmore and the Town of Coosada are located in Elmore County and lie in close proximity to one another. In fact, their police jurisdictions join in some locations. In June 2002, the Town of Elmore petitioned the Elmore County Commission ("the Commission") for consent to annex into the Town of Elmore certain roadways and rights-of-way in Elmore County. The request included portions of Politic Road and Mercer Road. The Commission passed a resolution at its June meeting consenting to the Town of Elmore's annexation of portions of these two roads.
Property owners along Politic Road and Mercer Road then petitioned the Commission *Page 1098 
to annex their properties into the Town of Elmore. Pursuant to § 11-42-21, Ala. Code 1975, the Town of Elmore passed ordinance no. 2002-06, which annexed into its corporate limits those portions of Politic Road and Mercer Road that the Commission had consented to and the adjacent properties ("the Elmore annexation").[2] Subsequently, the Commission rescinded its resolution consenting to the annexation of portions of Politic Road and Mercer Road by the Town of Elmore.[3]
After the Elmore annexation, the Town of Coosada petitioned the Elmore Circuit Court for a judgment declaring that annexation invalid. The Town of Coosada claimed that Elmore County did not own Politic Road and Mercer Road and that, therefore, the Commission could not give the necessary consent for their annexation. Because, the Town of Coosada argued, the Town of Elmore had not obtained the required consent from the actual property owners, its annexation of portions of Politic Road and Mercer Road and consequently of the adjoining property was invalid. The Town of Coosada also claimed that the Elmore annexation was improper because, it says, portions of Politic Road and Mercer Road that were annexed are within the Town of Coosada's police jurisdiction and across the equidistant line between the Town of Coosada and the Town of Elmore. The Town of Coosada moved for a summary judgment.
The trial court allowed Elmore County to intervene as a plaintiff. Although the Commission had previously given its consent to the annexation, it now agreed with the Town of Coosada that the Elmore annexation was invalid. Elmore County argued to the trial court that the Town of Elmore's action was impermissible because it had not obtained consent from the owner or owners of the land it annexed; it had obtained only the Commission's consent, and Elmore County conceded that it did not own the land.
In response to the Town of Coosada's summary-judgment motion, the Town *Page 1099 
of Elmore argued that when the Commission consented to the annexation of portions of Politic Road and Mercer Road, Elmore County owned the roadways. The Town of Elmore claimed that Elmore County had obtained that ownership by prescription, because citizens of Elmore County had been using those roadways for more than 20 years. The Town of Elmore submitted affidavits of its citizens establishing that they had used those roadways for well over the 20-year period required for dedicating a public road by prescription.[4]
The Town of Elmore also moved for a summary judgment. It argued that the Town of Coosada's claim was moot because, even assuming the Elmore annexation was invalid, the Town of Elmore had properly re-annexed most of the same properties by an annexation proceeding in 2003. The Town of Elmore claimed that, in the 2003 annexation, it obtained consent of the owners of the property along Politic Road and Mercer Road and achieved contiguity with the corporate limits of the Town of Elmore without the use of Politic and Mercer Roads. However, the Town of Elmore acknowledged that its 2003 re-annexation did not include two of the properties it attempted to annex in 2002.
The trial court determined that Elmore County did not own the land under Politic Road and Mercer Road and therefore could not have granted the Town of Elmore the authority to annex portions of those roadways. Instead, the annexation required the consent of the fee-simple landowners who owned the property to the center of the roadways. The trial court also found:
 "[The Town of Elmore] is correct in suggesting that this issue [is] now moot if the Town of Elmore has since annexed the roads correctly pursuant to Ala. Code [1975,] § 11-12-21. However, the Court has received no evidence that this has been done. Because of this, there is no genuine issue of material fact present [as to whether the property was properly annexed in 2003]."
The trial court entered a summary judgment in favor of the Town of Coosada and Elmore County, thus rendering the Elmore annexation invalid.
 B. The Coosada Annexation
Before the summary judgment was entered, the Town of Elmore filed a counterclaim against the Town of Coosada, alleging that an annexation by the Town of Coosada in 1997 ("the Coosada annexation") was invalid. The Town of Elmore alleged that the Coosada annexation was invalid because the consent the Town of Coosada had obtained for a part of the annexed property was inadequate.
The property annexed by the Town of Coosada that the Town of Elmore challenges in its counterclaim had been owned by Ell Cowling and Carrie Cowling ("the Cowling property"). After Ell's death, Thomas P. Gilliland was appointed the personal representative of his estate. Carrie requested that Gilliland sign, along with her, a petition to annex the Cowling property into the Town of Coosada. Gilliland, as the personal representative of Ell's estate, and Carrie signed the petition. Based on that consent, the Town of Coosada passed ordinance no. 97-150 annexing the Cowling property into the Town of Coosada. The Town of Elmore argued *Page 1100 
that, in order for the Town of Coosada to have properly annexed the Cowling property, it would have had to have obtained the consent of Ell's heirs instead of the consent of the personal representative.
The Town of Coosada moved for a summary judgment; it argued that the Town of Elmore's counterclaim was barred by the two-year limitations period in § 6-2-38, Ala. Code 1975. The Town of Coosada also argued that § 11-42-5, Ala. Code 1975, acts as a statute of repose and validates the Coosada annexation because it was completed before May 1, 1998.[5] Additionally, the Town of Coosada argued that it had complied with §11-42-21, Ala. Code 1975, by obtaining Gilliland's consent to its annexation of the Cowling property.
The trial court entered a summary judgment in favor of the Town of Coosada on the Town of Elmore's counterclaim. Thus, the trial court determined that the Town of Coosada's annexation of the Cowling property is valid.
The Town of Elmore appeals both the trial court's summary judgment declaring the Elmore annexation invalid and the summary judgment declaring the Coosada annexation valid.
 Analysis A. The Elmore Annexation
The Town of Elmore argues that its 2003 annexation rendered the Town of Coosada's claim as to the Elmore annexation moot. Because mootness goes to justiciability, this Court will not consider the merits of a claim that is moot. Ferguson v.Commercial Bank, 578 So.2d 1234, 1236 (Ala. 1991) (citingChisolm v. Crook, 272 Ala. 192, 130 So.2d 191 (1961)).
This Court has stated that in analyzing mootness we consider "`whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.'" Hornsby v. Sessions,703 So.2d 932, 938 (Ala. 1997) (quoting 13A C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3533, at 212 (1984)). In its summary judgment, the trial court stated that the Town of Elmore "is correct in suggesting that this issue [is] now moot if the Town of Elmore has since annexed the roads correctly pursuant to Ala. Code [1975,] § 11-42-21." Although the Town of Elmore submitted petitions and maps of the property included in the 2003 annexation, the trial court said that it had "received no evidence" showing that the 2003 annexation was valid.
The Town of Coosada sought a judgment declaring the Elmore annexation invalid. If the Town of Elmore had already properly re-annexed the properties in question, then the validity of the Elmore annexation would be moot; however, as both parties point out, the 2003 annexation did not include at least two of the properties purportedly annexed in 2002. Therefore, even if the Town of Coosada's claim is moot as to the properties the Town of Elmore says it re-annexed in 2003, the Town of Coosada's claim remains a "live controversy" regarding the property the Town of Elmore did not attempt to re-annex in 2003. Moreover, the Town of Elmore has not shown that this case is moot, because it has not shown that the 2003 annexation was valid. Thus, we cannot conclude that the Town of Coosada's claim is moot. *Page 1101 
The trial court found that Elmore County did not own Politic Road and Mercer Road when the Commission purported to give its consent for the Town of Elmore to annex portions of those roads in 2002. The trial court found that the Commission's consent to the annexation did not comply with § 11-42-21, Ala. Code 1975, which requires that all owners of property must consent to the annexation of the property; therefore, the trial court concluded, the Elmore annexation is invalid. We agree.
The Town of Elmore argues that Elmore County had acquired ownership of Politic Road and Mercer Road by prescription, because, it argues, citizens of Elmore County had used Politic Road and Mercer Road for more than 20 years. This Court has held that, when a road is used by the public for 20 years, it becomes a "public road by prescription." See note 4. The Town of Coosada argues, however, that Elmore County had obtained only a prescriptive easement in the roadways, while the property owners on either side of Politic Road and Mercer Road maintained ownership of the roadways, up to their center lines. The Town of Coosada points to Purvis v. Busey, 260 Ala. 373, 377,71 So.2d 18, 21 (1954), in which this Court stated: "The general rule is to the effect that the public acquires an easement only in the highways, the fee of the land remaining in the owner, subject to the easement." (Citing 39 C.J.S. Highways
§ 136, at 1071.)
The Purvis case, cited both by the Town of Coosada and by the trial court in its summary-judgment order, stands for the proposition that a property owner on either side of a roadway retains ownership of the roadway up to the center line in spite of a prescriptive easement obtained by the public. In this case, even if the public has acquired some right by the public use of the roadways for more than 20 years, that right is only the right to use Politic Road and Mercer Road. Elmore County has not, by virtue of the public's use, acquired ownership of the underlying roadways.
The Town of Elmore purportedly annexed the roadways in question in compliance with the requirements of § 11-42-21, Ala. Code 1975. Section 11-42-21 expressly requires that
 "all of the owners of property located and contained within an area contiguous to the corporate limits of any incorporated municipality . . . shall sign and file a written petition [requesting annexation of their property] with the city clerk. . . ."
As discussed above, Elmore County had only an easement in the annexed roadways; Elmore County was not the "owner" of Politic Road and Mercer Road. Therefore, Elmore County could not consent to the Elmore annexation insofar as it purported to annex portions of Politic Road and Mercer Road.[6] Thus, the Elmore annexation was improper. *Page 1102 
 B. The Coosada Annexation
The Town of Coosada argues that the Town of Elmore lacks standing to bring its counterclaim challenging the 1997 Coosada annexation, because the Town of Elmore was not incorporated at the time of the Coosada annexation. As we stated in MarshallCounty Concerned Citizens v. City of Guntersville,598 So.2d 1331, 1333 (Ala. 1992):
 "`It is axiomatic that a party must have standing to challenge the validity of an annexation ordinance. This Court has held that "[o]ne has standing to bring his complaint into court `if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case.'"'"
(Quoting Johnson v. Rice, 551 So.2d 940, 947
(Ala. 1989).)
The Town of Coosada concedes that "[h]ad the Town of Elmore been in existence at the time said Ordinance was passed there is no question that [the annexation] would have affected its police jurisdiction." Town of Coosada's brief, p. 24. However, because the Town of Elmore did not exist until four months after the annexation took place, the Town of Coosada argues, the Town of Elmore could not have been injured by the annexation. We recently reiterated in Carey v. Howard,950 So.2d 1131, 1135 (Ala. 2006), that "standing turns on whether the party has suffered an actual injury and whether that injury is to a legally protected right." In Pharmacia Corp. v. Suggs,932 So.2d 95, 98 (Ala. 2005), we explained mootness in light of standing:
 "Mootness is a time dimension of standing. See In re Allison G., 276 Conn. 146, 156, 883 A.2d 1226, 1231 (2005) ('One commentator has described mootness as "the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout [the litigation's] existence (mootness)."')."
Therefore, to determine whether the Town of Elmore has standing to challenge the Coosada annexation, we must determine whether the Town of Elmore suffered an injury from the Coosada annexation "at the commencement of the litigation."Pharmacia Corp., 932 So.2d at 98. The proper inquiry is not, as the Town of Coosada argues, whether the Town of Elmore had standing to sue at the time of the annexation, but whether it had standing when it filed its counterclaim.
The Town of Coosada concedes that the Coosada annexation "would have" affected the Town of Elmore's interests at the time of annexation, had it been incorporated at that time. Whether the Town of Elmore was affected at the time the annexation occurred or later, after it was incorporated, those same interests presumably were affected when the Town of Elmore filed its counterclaim against the Town of Coosada. In any event, the Town of Coosada offers no evidence or argument to the contrary. Therefore, the Town of Elmore has the requisite standing to prosecute this claim.
The Town of Elmore argues that the Coosada annexation is invalid because, it argues, the consent obtained from the personal representative of Ell's estate was insufficient under § 11-42-21, Ala. Code 1975. See note 2. Instead, the Town of Elmore argues, the Town of Coosada was required to obtain the consent of Ell's heirs in order to properly annex the Cowling property. *Page 1103 
In support of its argument that the personal representative of Ell's estate could not consent to the annexation, the Town of Elmore cites §§ 43-2-843 and 43-2-844, Ala. Code 1975, which provide the powers and responsibilities of the personal representative of an estate. Section 43-2-843 enumerates the powers the personal representative may exercise without securing prior court approval. None of the transactions listed in §43-2-843, however, includes a personal representative's ability to consent to an annexation of real property that is included in the estate. Section 43-2-844 lists transactions the personal representative may perform only after obtaining court approval. These include the ability to "[a]cquire or dispose of an asset . . . and manage, develop, improve, exchange, partition, change the character of, or abandon an estate asset." None of the transactions listed in § 43-2-844 states that a personal representative is unable to consent to an annexation of real property belonging to the estate.
Section 43-2-839 grants the personal representative expansive powers over title to property of the estate, granting a personal representative "the same power over the title to property of the estate, subject to Sections 43-2-843 and 43-2-844, that an absolute owner would have," and further states that "[t]his power may be exercised without notice, hearing, or order of court." The commentary to § 43-2-839 explains:
 "The power over title of an absolute owner is conceived to embrace all possible transactions, except those expressly mentioned in Sections 43-2-843 and 43-2-844, which might result in a conveyance or encumbrance of assets, or in a change of rights of possession."
The Town of Elmore asserts that the Coosada annexation subjected the property in Ell's estate to new zoning restrictions and that this change in zoning restrictions effected a "change of character" in the property. However, the Town of Elmore provides no authority for the proposition that zoning restrictions affect the "character of property; therefore, we do not consider it.[7]
The broad language of the statute gives a personal representative the same authority to conduct the business of the estate as the decedent would have had. This authority is intended to "embrace all possible transactions" that fall outside the scope of the specific powers enumerated in §43-2-843 (actions the personal representative may take without court approval) and § 43-2-844 (actions that require court approval). Neither the powers listed in § 43-2-843 nor the transactions requiring court approval enumerated in §43-2-844 expressly include the power to consent to annexation of the real property of an estate; therefore, the broad powers of § 43-2-839 apply. Thus, the personal representative had the power to consent to the annexation of the estate property, and the signature of the personal representative of Ell's estate was effective to consent to the annexation of the Cowling property into the Town of Coosada. The personal representative of Ell's estate properly acted on behalf of Ell's estate, the "owner" of Ell's interest in the Cowling property, in consenting to the Coosada annexation. Therefore, the annexation fulfilled the consent requirements of § 11-42-21, Ala. Code 1975. *Page 1104 
For the foregoing reasons, we cannot agree with the Town of Elmore that the trial court erred in entering a summary judgment in favor of the Town of Coosada.
 Conclusion
The Town of Elmore failed to obtain the consent to the Elmore annexation of the owners of the property it sought to annex — the landowners along Politic Road and Mercer Road; therefore, we affirm the trial court's summary judgment against the Town of Elmore as to that annexation. The Town of Coosada did properly obtain the required consent of the landowner to its annexation of the Cowling property; therefore, we affirm the trial court's summary judgment in favor of the Town of Coosada as to that annexation.
AFFIRMED.
NABERS, C.J., and LYONS, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[2] When a municipality annexes property under § 11-42-21, Ala. Code 1975, it must annex lands "contiguous" to properties already within its corporate limits. Specifically, §11-42-21 provides, in relevant part:
 "Whenever all of the owners of property located and contained within an area contiguous to the corporate limits of any incorporated municipality located in the state of Alabama and such property does not lie within the corporate limits or police jurisdiction of any other municipality, shall sign and file a written petition with the city clerk of such municipality requesting that such property or territory be annexed to the said municipality, and the governing body of such municipality adopts an ordinance assenting to the annexation of said property to such municipality, the corporate limits of said municipality shall be extended . . . so as to embrace and include such property. . . ."
[3] Elmore County claims that at the June meeting of the Commission the Town of Elmore stated that the annexations of portions of Politic and Mercer Roads were necessary to obtain a drainage-improvement grant. Members of the Commission also claim that they later learned that the annexation was not a prerequisite for the Town of Elmore's obtaining the grant but that the Town of Elmore actually wanted the portions of the roads to be annexed so that it could then annex other real property along Politic Road and Mercer Road. The Town of Elmore claims that it made no misrepresentations to the Commission and that it was forthcoming with its intention to also annex the properties along Politic Road and Mercer Road. Regardless, the Town of Elmore did use the annexed portions of Politic Road and Mercer Road to include in the Elmore annexation property along the roadways that would not otherwise have been contiguous to the corporate limits of the Town of Elmore. If the annexation of Politic Road and Mercer Road is invalid, then these additional properties are non-contiguous and the annexation of them is invalid.
[4] As we stated in Osborn v. Champion InternationalCorp., "`[a]n open, defined roadway, through reclaimed land, in continuous use by the public as a highway without let or hindrance for a period of 20 years becomes a public road by prescription.'" 892 So.2d 882, 885 (Ala. 2004) (quoting Fordv. Alabama By-Products Corp., 392 So.2d 217, 218-19 (Ala. 1980)).
[5] Section 11-42-5, Ala. Code 1975, provides, in pertinent part:
 "Every annexation undertaken prior to May 1, 1998, under any statutory procedure for annexation by any municipality and which the annexation procedure has been completed, notwithstanding any irregularity or defect in the procedure, is ratified and confirmed and given effect in all respects as if all provisions of law relating to the annexation proceeding had been duly and legally complied with."
[6] The Town of Coosada also argues that the Elmore annexation is invalid because it effected a "long lasso" annexation. The Town of Coosada points to our holding in City of Fultondalev. City of Birmingham, 507 So.2d 489, 491 (Ala. 1987), in which we held "that the use of public road right-of-way to create contiguity is unreasonable and invalid as a matter of law." Annexations that attempt to create contiguity by annexing through a public road right-of-way have been called "long lasso" annexations. However, because we agree with the trial court that the Elmore annexation did not comply with the consent requirements of § 11-42-21, Ala. Code 1975, we do not decide whether the Elmore annexation was impermissible as a "long lasso" annexation. See Ra CON, Inc. v. TuscaloosaCounty, 953 So.2d 321, 330 n. 12 (Ala. 2006) ("An appellate court may affirm a trial court's judgment based on any valid ground presented in the record, whether that ground was considered, or even if it was rejected, by the trial court." (citing General Motors Corp. v. Stokes Chevrolet, Inc.,885 So.2d 119, 124 (Ala. 2003))).
[7] It is not the duty of an appellate court to perform a party's legal research, Spradlin v. Birmingham AirportAuth., 613 So.2d 347 (Ala. 1993), nor is it the responsibility of an appellate court "to make and address legal arguments for a party based on un-delineated general propositions not supported by sufficient authority or argument." Dykesv. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala. 1994).